351 So.2d 181 (1977)
A. S. HOLLIDAY et al., Plaintiffs-Appellees,
v.
CONTINENTAL CAN COMPANY, INC., Defendant-Appellant.
No. 13328.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
Rehearing Denied October 31, 1977.
*182 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for defendant-appellant.
Whitten & Blake by John C. Blake, Jonesboro, for plaintiffs-appellees.
Before BOLIN, HALL and JONES, JJ.
En Banc Rehearing Denied October 31, 1977.
BOLIN, Judge.
This petitory action arose after defendant allowed certain land claimed by plaintiffs to be clear cut of timber. Plaintiffs asked to be declared owners of the disputed tract and to be awarded damages for the alleged trespass. The trial court upheld plaintiffs' demands and defendant appealed. We affirm the judgment insofar as it declares plaintiffs to be owners, but reverse the award of damages.
There are two basic issues presented. We must first decide whether plaintiffs acquired ownership of the woodland tract by the prescription of thirty years. Secondly, if we determine plaintiffs are the rightful owners, has their action for damages resulting from defendant's trespass nevertheless prescribed?
In 1937 plaintiffs' predecessor in title purchased three parcels of timberland totaling eighty acres, a portion of which was under fence at the time. The property was immediately surveyed. The boundaries were painted with yellow lines and the corners marked with iron pipe in conformity with this survey. Plaintiffs had timber selectively cut from the land on three occasions. They also repainted the yellow boundary lines as needed.
Defendant owned or leased timberland south of and adjacent to plaintiffs' tracts. In 1963 defendant conducted a survey of its holdings and marked the boundary lines with white paint and concrete corner markers. Plaintiffs disputed defendant's northern boundary, complaining it encroached on plaintiffs' previously surveyed southern *183 boundary. Plaintiffs protested to defendant by letter, met with defendant's representatives without successfully resolving the dispute, and engaged in an ongoing confrontation with defendant which involved removing and replacing painted lines and corner monuments.
Pursuant to a sale of timber by defendant, the land in contest was clear cut in May of 1971. Plaintiffs filed this suit in April of 1973. They sought to be recognized as owners of a strip of land, approximately seven-tenths of an acre (48' by 660'), and requested $30,275.30 as damages for defendant's trespass and removal of timber from the tract.
The trial court, recognizing defendant would otherwise be the record owner of the disputed strip on the basis of the accuracy of its 1963 survey, nevertheless found that plaintiffs acquired ownership of the 48' by 660' area by adverse possession for a period in excess of 30 years.
Defendant contends the ongoing boundary dispute, which commenced with defendant's survey in late 1963, interrupted plaintiffs' peaceable possession. The disturbance of possession beginning in 1963 did not constitute an interruption of possession to defeat plaintiffs' claim to a prescriptive title. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975).
The court in Liner dealt with the possession required to bring a possessory action, but held it identical to that required for acquisitive prescription. One remains in possession until he abandons it, or another expels him, or he permits his estate to be usurped. Liner v. Louisiana Land and Exploration Company, supra; Louisiana Civil Code, Articles 3501, 3516, 3517. In this case plaintiffs' possession of the disputed tract was not interrupted until the 1971 clear cut.
Considering the nature of the land in question, there is sufficient evidence in the record to support the conclusion of open, notorious possession leading to a prescriptive title. Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952); Harris v. Galloway, 348 So.2d 1263 (La.App. 2d Cir., 1977).
Suit was filed more than one year after the timber was cut from plaintiffs' property. The record indicates that plaintiffs should have known of this trespass. Defendant's exception of prescription should have been sustained to bar the action for damages for the 1971 timber cut. Louisiana Civil Code Articles 3536, 3537; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234 (1925); Hayward v. Noel, 225 So.2d 638 (La.App. 1st Cir., 1969).
The trial court fixed the expert witness fee of plaintiffs' consulting forester at $200 and taxed defendant with this cost. Since this witness testified solely to establish plaintiffs' damages from the timber cut, and since we disallow these damages, plaintiffs, as "the party cast in judgment" on this issue, are required to pay the forester's fee. La.R.S. 13:3666.
That portion of the trial court's judgment which awards $490.77 damages to plaintiffs and condemns defendant to pay the expert witness fee of $200 is reversed, and there is judgment rejecting plaintiffs' demands for these items.
In all other respects the judgment is affirmed at appellant's costs.
MARVIN, Judge (dissents from refusal to grant rehearing).
Where each litigant engages with the other in an ongoing confrontation and physical eradication and moving of each other's claimed visible boundary before the 30-year acquisitive prescription has accrued, it could be found that the claimed adverse possession was not continuous, uninterrupted and unequivocal under C.C. Art. 3500.

Liner, cited supra, expressly recognized, ". . . in speaking of interruption of prescription (rather than of possession) Art. 3517 of the Louisiana Civil Code *184 declares that `a natural interruption is said to take place when the possessor is deprived of the [enjoyment] of the thing during more than a year . . ..'" 319 So.2d 778. Emphasis supplied.
Mr. Justice Tate's concurring opinion in Liner explains the concept "deprived of the enjoyment of the thing" to mean not a mere disturbance, but a loss of possession. A possessor loses possession when he allows the estate to be usurped and held for a year without, during that time, having done any act of possession or having interfered with the usurper's possession. See C.C. Art. 3449 and concurring opinion, supra, p. 780. The ultimate question then under Justice Tate's analysis, which I believe is correct, is did the adverse possessor (plaintiff in this instance) lose his right to possess under C.C. Arts. 3449(2), 3454(2) and 3487 when the record owner (defendant here) eradicates the painted tree line of the possessor and paints another tree line? Under this analysis, possession once begun, is not lost under these circumstances unless it is by an interruption of more than one year. See 319 So.2d 782-3, citing Aubrey et Rau.
Defendant, even though the record owner, could be considered broadly as a usurper of plaintiff's possessory rights under C.C. Art. 3449(2). The plaintiff here also may have done acts of possession (3449(2)) by repeatedly removing the tree line painted by defendant and restoring his own so as to prevent the loss of plaintiff's right of possession for the year. This question was not answered below and has not been answered here. I would grant a rehearing so that the case could be analyzed and argued in this fashion.
Disturbances in fact, such as the ongoing confrontation mentioned, do deprive a possessor of the enjoyment of the thing and may interrupt acquisitive prescription (C.C. Art. 3517, Liner, p. 778) if the ongoing confrontations (physical acts) endure more than a year (C.C. Art. 3449, 319 So.2d 778). Liner is not as broad in its holding as this court has interpreted.
I respectfully dissent from the denial of a rehearing.
PRICE, J., dissents for reasons assigned by MARVIN, J.