399 So.2d 813 (1981)
Kenneth BOAGNI, Sr., Plaintiff-Appellee,
v.
STATE of Louisiana, Through DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellant.
No. 8009.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1981.
*814 Johnie E. Branch, Jr., Baton Rouge, for defendant-appellant.
Boagni & Genovese, James T. Genovese, Opelousas, for plaintiff-appellee.
Before FORET, SWIFT and DOUCET, JJ.
DOUCET, Judge.
The principal issue presented by this appeal is whether a street shown on a recorded plat of a rural subdivision has been statutorily dedicated to public use. Plaintiff, Kenneth Boagni, Sr., sued the State of Louisiana through its Department of Transportation and Development (hereinafter referred to as Department), seeking compensation for the Department's alleged appropriation of a strip of land designated as Louisiana Avenue of Linwood Subdivision East in St. Landry Parish. Following a trial on the merits, the district court rendered judgment in favor of plaintiff, awarding him a total of $8,750.00. From that judgment, the Department appeals. We reverse.
The facts are not disputed. In 1935, plaintiff purchased 363 acres of land in St. Landry Parish from his father, Dr. Charles Boagni. The property, which is located approximately two miles south of the City of Opelousas, is intersected by La.-U.S. Highway 167. In 1976, plaintiff subdivided the land on the east side of the highway, naming the subdivision Linwood Subdivision East.
On November 4, 1976, plaintiff filed a plat of the subdivision in the public records of St. Landry Parish. Prior to that date, he had sold approximately eight lots. Following its recordation, plaintiff sold numerous lots with reference to the plat.
The plat shows several lettered blocks with numbered lots and streets to serve them. All of the streets shown are fifty feet wide, except for Louisiana Avenue, which is thirty feet wide. Louisiana Avenue extends across the front of Block "M" adjacent to the highway right of way line, intersecting with Dr. Charlie Drive and Kenneth Boagni, Sr. Drive.
In April, 1978 the Department took possession of Louisiana Avenue in connection with a project to improve Highway 167 and incorporate it into a proposed north-south interstate highway between Shreveport and Lafayette. The proposed highway, which is to be designated Interstate Highway 49, will be a controlled-access facility with service roads to provide access to neighboring property that would otherwise be landlocked. The plans for the project called for widening and hard-surfacing Louisiana Avenue for use as a service road.
The Department rejected plaintiff's demands for payment for Louisiana Avenue, *815 contending that he had statutorily dedicated it to public use by substantially complying with the provisions of LSA-R.S. 33:5051. Plaintiff brought this suit, denying that he had dedicated Louisiana Avenue to public use and seeking compensation in the total sum of $22,502.50. He alleged in his petition that $15,000.00 of that amount was for the appraised value of Louisiana Avenue, and the remainder was the amount that he had spent for shells, dirt work and ditching in improving it.
The trial judge concluded that plaintiff had not dedicated Louisiana Avenue to public use. However, he found that a servitude of passage had been granted in favor of the public. Accordingly, he awarded plaintiff the reimbursement of his expenses in the sum of $7,500.00, but he declined to award him the full appraised value of the land. Plaintiff's motion for a new trial was granted, and after taking additional evidence, the trial judge awarded him an additional $1,250.00, which he found to be the value of plaintiff's interest in the property after taking into account the servitude with which it was burdened.
On appeal, the Department argues that the trial court erred in (1) failing to find that Louisiana Avenue had been dedicated to public use, (2) awarding plaintiff $1,250.00 for his interest in the land and reimbursement for his expenses in the sum of $7,500.00, and (3) fixing the fee of plaintiff's expert witness in the amount of $800.00 and taxing it as costs.

STATUTORY DEDICATION
As we noted earlier in this opinion, the Department's position is that the filing of the plat of Linwood Subdivision East, pursuant to LSA-R.S. 33:5051, effected a statutory dedication of the streets to public use, vesting full ownership of them in the public. LSA-R.S. 33:5051 states:
"Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares of lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same, cause the real estate to be surveyed and platted or subdivided by a licensed surveyor or civil engineer into lots or blocks, or both, each designated by number, and set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block; write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record book of such parish, and a duplicate thereof filed with the assessor of the parish a correct map of the real estate so divided, which map shall contain the following:
(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The number of squares by numerals from 1 up, and the dimensions of each square in feet and inches.
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
(4) The name of each street and alley and its length and width in feet and inches.
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed surveyor or civil engineer of this state approving said map and stating that the same is in accordance with the provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use."
It is well established in the jurisprudence that complete and detailed compliance with the above provisions is not necessary to effect a statutory dedication; substantial *816 compliance will suffice. Garrett v. Pioneer Production Corporation, 390 So.2d 851 (La. 1980); Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965).
The Department correctly argues that the plat filed by plaintiff substantially complies with the statute. The trial judge apparently agreed with that conclusion. Nevertheless, he found that a statutory dedication had not been effected, assigning the following written reasons for his finding:
"... I conclude that there was not a fee-vesting dedication of the area in question by the actions of plaintiff. This, because the proposed thoroughfare `Louisiana Avenue' was not in conformance with the substantive regulations of the policy jury regarding the width of roads and because the police jury rejected the attempted dedication of that area. Although the jurisprudence holds that there may be a statutory (and accordingly fee-vesting) dedication without strict compliance with all the requisites of R.S. 33:5051, those requirements deal with the procedure necessary to effect a fee-vesting dedication and not with the effect of a noncompliance with substantive regulations of the applicable local (here, police jury) governing authority. R.S. 33:1236(20) empowers the police jury to regulate laying out of subdivisions and roads thereof. Under that provision, the police jury herein required that streets in any subdivision be at least 50 feet in width. As to Louisiana Avenue, that regulation was not complied with and the police jury rejected the attempted dedication. I see no conflict between my holding of the effect of noncompliance with regulations enacted under the provisions of R.S. 33:1236(20) and R.S. 33:5051 plus the jurisprudence thereunder that only substantial compliance with the later provision is necessary to effect a fee-vesting dedication. The first statute deals with the authority of the police jury to enact substantive regulations and the latter deals with the procedure for complying with such regulations. Indeed, R.S. 33:5051(6) contemplates the necessity of compliance with substantive regulations provided by any local governing authority. To ignore these substantive regulations or to rule that compliance with them is not strictly necessary for a fee-vesting dedication would disempower the police jury of its regulatory power and result in a public thoroughfare being part of neither a local or state road system and consequently without maintenance responsibility or enable a landowner to force any type subdivision or road on a local authority."
With due respect to our learned brother of the trial court, we cannot subscribe to that reasoning. The trial judge's conclusions and the arguments advanced by plaintiff on appeal are apparently based on the erroneous premise that the dedication of newly-formed streets and alleys in subdivisions is optional, and that a subdivider may elect to retain title to such streets and alleys by failing to comply with local ordinances and regulations. That clearly is not the case. As our Supreme Court noted in Pioneer Production Corporation v. Segraves, 340 So.2d 270 (La.1976), the language of LSA-R.S. 33:5051 indicates that the legislature intended to require the platting and dedication of all newly-formed streets and alleys which were fashioned from land to be subdivided. The use of the word "shall" in the statute renders its provisions mandatory. LSA-R.S. 1:3.
The trial judge correctly noted that the statute anticipates and requires compliance with the laws and ordinances of the parish in which the property is situated. However, he fell into error in assuming that a police jury has the power to enforce its regulations by rejecting a statutory dedication if those regulations are not complied with.
Police juries in this State are subordinate political subdivisions of the State and as such their powers are limited. La.Const. Art. VI § 7(A); Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127 (La.1979). As Justice Tate pointed out in his concurring *817 opinion in Rollins, the concept that local governing authorities may exercise delegated authority only as conferred by legislation has been changed by the above cited provision of the 1974 constitution, greatly expanding local authority in certain cases. However, police juries may not under any circumstances exercise their authority in a manner that is inconsistent with the laws of this State. Rollins, supra.
LSA-R.S. 33:5051 clearly provides that newly-formed streets and alleys in land to be subdivided must be dedicated to public use. The statute also requires subdividers to affirmatively show that local laws and ordinances have been complied with. However, we find nothing in the wording of the statute that could be reasonably construed as granting authority to the police jury to reject or render ineffective a dedication if its regulations are not complied with. Nor have we been able to find any instances in the jurisprudence in which such authority has been recognized.
As we stated earlier, it is well settled that substantial compliance with the provisions of LSA-R.S. 33:5051 effects a statutory dedication. Once the dedication has been made, title to the streets and alleys vests in the public without the necessity for a formal acceptance. Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229 (1938); Police Jury, Parish of Jefferson v. Noble Drilling Corporation, 232 La. 981, 95 So.2d 627 (1957). Thereafter, a local governing authority has no legal right to disclaim title to them. La.Const. Art. VII § 14; Police Jury, Parish of Jefferson v. Noble Drilling Corporation, supra.
This does not mean that a subdivider may disregard local ordinances and regulations with impunity, however. The failure to include a certificate stating that the plat is in accordance with the laws and ordinances of the parish in which the property is situated would clearly be a violation of LSA-R.S. 33:5051(6), punishable under LSA-R.S. 33:5053. Admittedly, the penalty provided by the latter statute may not be severe enough to seriously discourage such violations. However, that is a problem that addresses itself to the legislature. It cannot properly be resolved by attributing to police juries the power to circumvent the clear mandate of LSA-R.S. 33:5051.
For the foregoing reasons, we find that the trial court erred in finding that Louisiana Avenue had not been dedicated to public use as a result of plaintiff's substantial compliance with LSA-R.S. 33:5051.

THE AWARDS TO PLAINTIFF
In view of our holding that Louisiana Avenue was statutorily dedicated to public use, the trial court's award of $1,250.00 for plaintiff's alleged interest in it was obviously improper and must be set aside. Plaintiff argues that he is nevertheless entitled to reimbursement for his out of pocket expenses, because the State has been unjustly enriched. We find no merit in that argument.
Recovery under the theory of unjust enrichment requires proof of five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and impoverishment; and (5) absence of a remedy provided by law. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967); Abbeville Lumber Co. v. Richard, 350 So.2d 1292 (La.App.3rd Cir. 1977). We find the evidence presented by plaintiff insufficient to establish all of these necessary elements.
There is considerable doubt about whether the State was enriched as a result of plaintiff's expenditures for shells, dirt work and ditching. Because the street was too narrow, the Department had to plow it up and rework it, utilizing the part of the pre-existing highway right of way to make it the standard width for a service road. Assuming for the sake of argument that the State was enriched to some extent, there is also some question about whether plaintiff was actually impoverished. Expert appraisers testified at the trial that improving subdivision streets by shelling or paving them increases the value of the adjoining property. Presumably then, plaintiff *818 recouped at least part of his out of pocket expenses by selling his lots at a higher price.
Even assuming that an enrichment and an impoverishment can be shown in this case, we note that there is a legal cause which justifies such enrichment. The regulations of the police jury are not contained in the record before us. However, plaintiff testified without objection that under those regulations he was required to make the same kinds of improvements to all of the other streets in the subdivision at his expense. Thus, there was justification for any enrichment and impoverishment that may have occurred.

EXPERT FEE
Since we have determined that plaintiff is not entitled to recovery, we agree with the Department's contention that his expert appraiser's fee should not be taxed as costs. Plaintiff, as "the party cast in judgment", is required to pay the fee. LSA-R.S. 13:3666; Holliday v. Continental Can Co., Inc., 351 So.2d 181 (La.App.2nd Cir. 1977). Accordingly, we find it unnecessary to discuss the Department's argument that the fee set by the trial judge was excessive.
For the foregoing reasons, the judgment of the trial court is reversed and set aside, and judgment is rendered in favor of defendant, the State of Louisiana, through the Department of Transportation & Development, dismissing plaintiff's suit at his costs. All costs of this appeal are assessed against plaintiff.
REVERSED AND RENDERED.