458 So.2d 130 (1984)
Elizabeth Wreyford OLIVER and Stayton B. Oliver, Plaintiffs-Appellants,
v.
C.L. KENNINGTON, Jr., Defendant-Appellee.
No. 16419-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
Rehearing Denied September 21, 1984.
Writ Denied November 16, 1984.
*131 Gahagan & Gahagan by Russell E. Gahagan, Natchitoches, for plaintiffs-appellants.
Bethard & Davis by Robert E. Bethard, Coushatta, for defendant-appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
HALL, Judge.
The plaintiffs, Elizabeth Wreyford Oliver and Stayton B. Oliver, filed this possessory action on April 12, 1983 against the defendant, C.L. Kennington, Jr., alleging that the defendant disturbed the plaintiffs' possession of the SE/4 of the NW/4 of Sec. 7, T 13 N, R 8 W, Red River Parish, Louisiana, by selling certain timber contained in that tract. The defendant filed an answer and reconventional demand in which he admits the timber was cut and sold, with the proceeds going to him, but contends he is in possession of that portion of the tract from which the timber came and prays that his possession be recognized and maintained. Following trial, a judgment was rendered recognizing and maintaining defendant's possession and ordering the plaintiffs to assert any adverse claim of ownership to the immovable property in dispute within 60 days or be thereafter precluded from doing so. The plaintiffs suspensively appealed. The defendant answered the appeal seeking to have the plaintiffs condemned to pay all costs of trial and appeal. The trial court assessed costs of trial equally between the parties.
On appeal, the plaintiffs contend the trial court erred in overruling their peremptory exception of no cause of action filed in response to the defendant's reconventional demand and further erred in its determination that the defendant is in possession of the disputed area. We find the trial court correctly overruled the peremptory exception but erred in its determination regarding possession of the disputed area. Accordingly, we reverse and set aside the judgment rendered in favor of the defendant and render judgment in plaintiffs' favor.
Applicable Law
The following provisions define and delimit the scope of a possessory action:
LSAC.C.P. Art. 3655:
"The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted."
LSA-C.C.P. Art. 3658:
"To maintain the possessory action the possessor must allege and prove that:
"(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
"(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
"(3) The disturbance was one in fact or in law, as defined in Article 3659; and
"(4) The possessory action was instituted within a year of the disturbance."
LSA-C.C.P. Art. 3660
"A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper...."
LSA-C.C.P. Art. 3661
"In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue.

*132 "No evidence of ownership or title to the immovable property or real right therein shall be admitted except to prove:
"(1) The possession thereof by a party as owner;
"(2) The extent of the possession thereof by a party; or
"(3) The length of time in which a party and his ancestors in title have had possession thereof."
A possessory action deals with the preservation or protection of the right of possession, which may be defined as the exercise of possession with respect to immovable property or a real right therein for a period of time in excess of one year, as opposed to mere possession, which may be defined as the exercise of authority over the thing at issue for a lesser period of time. LSA-C.C. Art. 3422 and comment (b) thereunder, effective January 1, 1983. Norton v. Addie, 337 So.2d 432 (La.1976); Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975); Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952).
Particularly pertinent to the resolution of this conflict is the concept of constructive possession, which provides that one who possesses a part of an immovable by virtue of a title is deemed to possess the area contained within the limits of his title. LSA-C.C. Art. 3426, effective January 1, 1983. For further development or explanation of this concept, note especially comment (b) thereunder. In the absence of title, there is no constructive possession; one has possession only of the area he actually possesses. Article 3426, supra, and comment (d) thereunder.
Proof of constructive possession of immovable property or of a real right therein for a period in excess of one year entitles one to prevail in a possessory action unless the opponent proves acquisition of a right of possession with respect to the disputed area by adverse corporeal possession. Pitre v. Tenneco Oil Co., 385 So.2d 840 (La.App. 1st Cir.1980); Roy O. Martin Lumber Co., Inc. v. Lemoine, 381 So.2d 915 (La.App.3d Cir.1980); Theriot v. LaTerre Company, 256 So.2d 710 (La.App. 1st Cir.1971).
Peremptory Exception
In response to the defendant's reconventional demand in this matter, the plaintiffs filed an exception of no cause of action grounded on the alleged failure by the defendant to plead his possession of the disputed property as owner for more than one year prior to the filing of the plaintiffs' suit. This exception, which was filed on the day of trial, was overruled by the trial court. On appeal, the plaintiffs assert that the exception was improperly overruled and all evidence of the defendant's possession as owner was improperly admitted.
In the reconventional demand, the defendant alleges that he and his father before him have possessed the property in dispute for many years prior to the institution of the plaintiffs' action. The reconventional demand specifically refers to the alleged acts of possession by the defendant and his father and prays that the defendant's right of possession be recognized. It is clear from a fair reading of the reconventional demand that the defendant has alleged his possession as owner for a period of time in excess of one year immediately preceding the plaintiff's filing of the suit. Accordingly, the trial court correctly overruled the plaintiffs' exception of no cause of action.
Possession
In 1913 the parents of plaintiff Mrs. Oliver acquired a 60-acre tract of land described as the SW/4 of the NW/4 and the W/2 of the SE/4 of the NW/4 of Section 7, T 13 N, R 8 W, Red River Parish. They lived in a home located in the southeast corner of this tract, and farmed the property. In 1939 they obtained a warranty deed from a bank to the E/2 of the SE/4 of the NW/4. This 20-acre tract adjoined their homeplace on the east. The parents divorced, divided the property, and in 1953 Mrs. Oliver's husband bought the SE/4 of the NW/4 from Mrs. Oliver's mother. Mrs. Oliver's *133 father continued to live on the property for three or four years and then moved away. The homeplace was torn down.
The property in dispute consists of less than five acres located in the extreme southeast corner of the 20-acre tract purchased in 1939 by Mrs. Oliver's parents. At the time the property was purchased, there was a Methodist church at the southeast corner of the tract. The church was moved within a few years thereafter. At one time the Boone Grange Lodge was located on a tract north and east of the church property. It apparently was moved or abandoned many years prior to 1939.
Defendant Kennington, and his father before him, apparently owns property to the east of the disputed property. Whether that property adjoins the disputed property is not shown by the record. Kennington obtained a quitclaim deed to the church property in 1981.
The copy of a survey attached to this opinion as an appendix shows the property in dispute, which lies between points A, B, C, D, and A. Plaintiffs have clearly possessed the property west of the disputed property and have a deed translative of title which includes the disputed property. Defendant has clearly possessed that part of the Boone Grange Lodge property east of the disputed property. In dispute and at issue in this suit is possession of the "church property" and the wooded tract north thereof lying between the Holley Springs Branch and an old fence which runs north and south along the east line of the SE/4 of the NW/4 of Section 7. Acts of corporeal possession of the disputed property by either the plaintiffs or the defendant in recent years and particularly in the year prior to the disturbance in January or February 1983 have been minimal at best.
After acquisition of the 20-acre tract in 1939 plaintiffs' parents went into physical possession of at least most of the tract as an addition to their homeplace, farming it, fencing it, cutting timber, and the like. There was testimony that plaintiffs' father built the fence along the east line of the NW/4 of Section 7. In recent years plaintiffs have bush hogged the tract and maintained it as their own. Within the year preceding the disturbance by defendant, plaintiffs had the property surveyed and the boundaries were painted and marked on the ground. During that year the plaintiffs paid the taxes and granted an oil and gas lease. The testimony is confusing and uncertain, however, as to whether any of the acts of physical or corporeal possession were exercised on the disputed area. It is clear, nevertheless, that plaintiffs intended to retain possession of the entirety of the property contained within their deed description and that there was no intent to abandon possession of any portion of the property.
The plaintiffs have shown corporeal possession of most of the property described in their title and at least constructive possession to the full extent of the eastern line of the SE/4 of the NW/4 of Section 7. In order for their right of possession to be defeated, it must be shown that their constructive possession has been ousted by adverse corporeal possession. Pitre v. Tenneco Oil Co., supra; Theriot v. La-Terre Company, supra. The record does not establish adverse corporeal possession by the defendant of the disputed area sufficient to oust the plaintiffs' possession and establish in the defendant a right of possession.
The areas the defendant claims to be in possession of were once possessed by a Boone Grange Lodge and a church. The defendant contends that his family took over possession of these areas when those institutions abandoned their possession of them many years ago. The defendant argues that it is obvious from the record that some form of agreement with respect to the disposition of these parcels was worked out between the abandoning institutions and his father. However, the only instrument of record the defendant has is a quit claim deed executed in May 1981 covering that portion of the disputed property designated as church property on the survey.
*134 Initially, it should be noted that a portion of the land claimed to be possessed by the defendant, that portion of the Boone Grange Lodge tract lying east of line B C on the survey, is not in dispute in this litigation. Also, it is in that undisputed area that the strongest evidence of the defendant's corporeal possession exists. For the past several years immediately preceding this suit, the defendant has kept an area between the cemetery fence and line B C bush hogged or cleared of underbrush. Additionally, in the more remote past, the defendant and/or his father conducted gravel mining operations on the Boone Grange Lodge tract in the area designated as the abandoned gravel pit on the drawing. However, assuming that activity is sufficient to establish corporeal possession and a right of possession with respect to that portion of the property claimed by the defendant, the evidence fails to establish defendant's corporeal possession sufficient to establish his right of possession of the property west of the fence along the east line of the NW/4 of Section 7, that is, the property in dispute. Since the defendant does not possess under a title, his possession of that portion of the Boone Grange Lodge tract east of the fence cannot be extended by constructive possession to the limits of the property he claims.
The defendant contends that throughout his family's possession of the disputed area they have routinely cut wood for personal and commercial use. While the record indicates that the defendant or his family may have cut some timber for commercial purposes on one or two occasions in the 1950s and 1960s, there is no indication in the record that such activity was carried on during the years immediately preceding this lawsuit. Furthermore, the record fails to establish the extent or location of these activities with any degree of certainty.
The record indicates that the vast majority of the timber cut was utilized for fence posts or fire wood rather than for commercial purposes. The only well documented commercial cutting of timber by the defendant from the disputed area occurred in January and February of 1983 and precipitated this lawsuit which was timely filed less than one year after that disturbance. The occasional cutting and removal of timber from an isolated tract of forest land is not proof of actual possession as owner. Frederick v. Goodbee, 120 La. 783, 45 So. 606 (1908); Bayard v. Baldwin Lumber Co., 157 La. 994, 103 So. 290 (1925). The defendant's sporadic woodcutting activities failed to establish adverse corporeal possession on the disputed property sufficient to entitle him to recognition as possessor of any portion of that area.
The record also indicates that the defendant's family might have at one time pastured some goats on a portion of the disputed area. However, the record does not establish which portion of the property now claimed by the defendant was used for that purpose or the duration of the pasturing assuming it did in fact occur. Consequently, we find this evidence insufficient to establish adverse corporeal possession of the property now claimed by the defendant.
While the record indicates that the defendant kept a portion of the property he claims cleared by bush hogging, the record also reflects that portion of the property lies east of the area claimed by the plaintiffs and is not in dispute in this lawsuit. There is no indication of routine maintenance, clearing or bush hogging of the disputed portion of the property by the defendant. In fact, the record reflects that the portion of the disputed property designated on the diagram as the church property was in fact used by members of the community as a dump for a period of time in and around the year 1980.
In 1983 the defendant went on the property with a tree buyer and pointed out what he considered the boundaries of his land. Shortly thereafter, the cutting of timber which precipitated this lawsuit occurred. Additionally, during 1983, certain individuals conducting timber cutting operations on the plaintiffs' property west of the disputed area felt obliged, following the defendant's protest, to obtain the defendant's permission to use an existing road *135 crossing that portion of the disputed area designated as the church property for transporting the timber being cut on the plaintiffs' property. Since these activities occurred within one year of the suit which was subsequently filed by the plaintiffs, these activities do not establish a right of possession in the defendant entitling him to prevail in a possessory action.
The strongest indication of corporeal possession of the disputed area by the defendant is the testimony contained in the record offered by various individuals residing in the community that they have routinely observed the defendant walking over various portions of the disputed property throughout the years and up until a few months prior to the trial of this matter. However, the record also indicates from those witnesses' testimony that they have also walked over the disputed area on occasions when going hunting or fishing. Consequently, we find this evidence insufficient to establish a public and openly-manifested intent on the part of the defendant to exercise dominion or exclusive control over the property in question and insufficient to establish in the defendant a right of possession. See Theriot v. La-Terre Company, supra, and Forrest v. Messenger, 20 So.2d 766 (La.App.2d Cir.1945).
We find the evidence insufficient to establish adverse corporeal possession of the disputed area by the defendant sufficient to oust the constructive possession of the plaintiffs.
Decree
In light of the foregoing reasons, the district court judgment in favor of the defendant recognizing his right of possession is hereby reversed and set aside. It is hereby ordered, adjudged, and decreed that there be judgment in favor of the plaintiffs, Elizabeth Wreyford Oliver and Stayton B. Oliver, and against the defendant, C.L. Kennington, Jr., recognizing and maintaining the plaintiffs' possession in conformity with their deed of the SE/4 of the NW/4 of Section 7, T 13 N, R 8 W, Red River Parish, Louisiana. It is further ordered, adjudged, and decreed that the defendant assert any claim of ownership adverse to the plaintiffs with respect to the immovable property which forms the object of this lawsuit within 60 days after the date this judgment becomes executory or be thereafter precluded from asserting such claim of ownership. All costs of trial and appeal are assessed against the defendant-appellee, C.L. Kennington, Jr.
Reversed and rendered.

*136 APPENDIX