DOMENGEAUX, Judge.
This suit arose over a dispute between adjoining landowners concerning the ownership of a twenty acre tract of land located in the southern portion of Rapides Parish, La., and more particularly described as:
*739 The North Half of the Southwest Quarter of the Southwest Quarter (N/2 of SW/4 of SW/4) of Section 4, Township One (1) South, Range Two (2) West, Louisiana Meridian, Rapides Parish, Louisiana.
The plaintiff, Harry T. Pringle, instituted a petitory action against the defendants, all heirs of S.E. Gassiott, Sr., and hence referred to collectively as “Gassiotts”.[1] The defendants answered the petition denying the plaintiffs ownership of the disputed tract. Further reconvening, the Gassiotts prayed for judgment in their favor, sustaining their plea of 30 years acquisitive prescription and declaring them owners in indi-visión of the property in question. Thus, this case boils down to a dispute between the record owner of the tract and the possessors who claim ownership by acquisitive prescription of 30 years.[2]
At trial on the merits, the defendants did not dispute the plaintiff’s title to the N/2 of the SW/4 of the SW/4 of Section 4; however, they presented evidence sufficient to convince the trial court of their possession and acquisitive prescription of the eastern half of that tract. As a result, the lower court rendered judgment declaring both parties partial owners of the property in question.
Only plaintiff Pringle has appealed the trial court’s judgment. He has assigned four specifications of error contesting the trial court’s factual findings and one assignment alleging an error of law.[3] Inasmuch as the appellant’s brief fails to pinpoint the trial court’s misapplication of the various burdens of proof in this case, and since we have found no such error of law in our own review, the remainder of this opinion will address the factual errors alleged by the appellant.
The trial judge, although providing us with written “Reasons For Judgment”, failed to provide specific findings of fact and merely concluded that the Gassiotts had established possession of the east half of the disputed tract for a period in excess of 30 years, entitling them to ownership of that parcel of land. We have thoroughly reviewed the record to determine whether the trial court’s judgment was, as the appellant claims, clearly wrong or manifestly erroneous. Watson v. State Farm Fire & Casualty Insurance Co., 469 So.2d 967 (La.1985). We find it was not.
Generally, one who possesses part of an immovable by virtue of a title is deemed to have constructive possession within the limits of his title. La.C.C. Art. 3426. However, a title holder’s constructive possession can be defeated by adverse corporeal possession, Oliver v. Kennington, 458 So.2d 130 (La.App. 2d Cir.1984), writ denied, 460 So.2d 610 (La.1984); Harvey v. Harvey, 431 So.2d 786 (La.App. 1st Cir.1983), by one intending to possess as owner. La.C.C. Art. 3424; Norton v. Addie, 337 So.2d 432 (La.1976).[4] To exercise *740 corporeal possession of a tract one must engage in physical acts of use, detention, or enjoyment commensurate with the type of activities suitable to the land. La.C.C. Art. 3425; Harvey v. Harvey, supra. One who has possessed a thing for over a year acquires the right to possess it. La.C.C. Art. 3422.
Louisiana Civil Code Article 3486 states that ownership in immovables may be acquired by uninterrupted adverse possession of thirty years without the need of a just title. Article 3487 provides the caveat that thirty years acquisitive prescription only applies to that which has been actually possessed; in other words, the above-mentioned rule of constructive possession to the extent of one’s title is not applicable to cases concerning thirty year acquisitive prescription. Further, acquisitive prescription is interrupted only when possession is lost. La.C.C. Art. 3465. Possession is lost when the possessor manifests his intention to abandon it or when he is evicted by either force or ursurpation accomplished by one year’s corporeal possession. La.C.C. Art. 3433; Whitley v. Texaco, Inc., 434 So.2d 96 (La.App. 5th Cir.1983), writ denied, 435 So.2d 445 (La.1983). The corporeal possession necessary to evict an adverse possessor is identical to the possession required for acquisitive prescription. Holliday v. Continental Can Co., Inc., 351 So.2d 181 (La.App. 2d Cir.1977).
In the case before us, the validity of Mr. Pringle’s title was not questioned by the Gassiotts. Nor was the plaintiff-appellant’s constructive possession of the tract in question contested. The appellees claimed, however, that they or their ancestor had held uninterrupted corporeal possession of the disputed twenty acres for a period in excess of thirty years.
At a trial on the merits, the Gassiotts presented the court with two “correction” deeds dated February 21, 1951 and March 2, 1951. These “correction” deeds were perfected in order to amend and correct two previous acts of sale between the Gas-siotts as vendees and their vendors. The two prior acts which were confected in October of 1929 were amended by the “correction” deeds so as to include the 20 acre tract at issue herein in the original sale of land in October, 1929. However, the trial judge declined to accept the Gassiotts’ allegations of just title and good faith entitling them to the benefits of a ten year prescriptive period, and required them to prove their claim of acquisitive prescription based on the thirty year prescription of Louisiana Civil Code Article 3486. This inherent ruling was not appealed; therefore, our scope of review is limited to examining the record to determine whether the trial court committed manifest error in holding that the appellees had acquired ownership of the eastern portion of the twenty acre tract (N/2 of the SW/4 of the SW/4 of Section 4).
The tract in dispute is conveniently described as a panhandle connecting the Prin-gle properties to the west and the Gassiott properties to the east and northeast. It is rectangular in shape and has a North/South fence which roughly bisects the tract. The fence has been in existence at least as long as any witness could remember. Although the plaintiff and other of his witnesses testified to the dilapidated condition of the fence prior to the controlled burn which gave rise to this lawsuit, several of the defendants and their witnesses testified that they had periodically repaired “their” fence as needed.[5]
At least since 1936, the Gassiotts claim that they, their ancestors or their representatives have continuously kept livestock to the east of the North/South fence in the *741 disputed panhandle.[6] This is corporeal possession consistent with the potential use of the property sufficient to establish adverse possession in the Gassiotts.
The record does not contain evidence sufficient to prove the Gassiotts’ eviction by Pringle or any other usurper. Although the appellant claimed that he had interrupted the defendants’ possession when he granted a lease to the Town of McNary authorizing a garbage dump on part of his property, he in fact did not. At no time was any refuse ever deposited to the east of the North/South fence. All activities concerned with the garbage dump occurred either on Pringle property unconnected with this suit or on the extreme western edge of the disputed twenty acre tract. Therefore, plaintiff’s only acts with regard to the eastern portion of the disputed twenty acre tract were civil in nature (i.e., oil leases, various conveyances, succession judgments). Since the plaintiff never exercised corporeal possession to the east of the North/South fence, the Gassiotts’ possession went uninterrupted.
Inasmuch as the Gassiotts have established uninterrupted and continuous possession of the eastern portion of the disputed tract in excess of thirty years, the trial judge was not clearly wrong in recognizing plaintiffs in reconvention as owners of that portion of land, which is more particularly described as:
“Begin at the Southeast corner of the North ¾⅛ of the Southwest V4 of the Southwest V4 of Section 4, T1S, R2W; thence North 86 degrees 58 minutes West along an old fence line a distance of 623 feet; thence North 72 degrees 36 minutes West 26.2 feet, continuing along said fence line; thence North 43 degrees 48 minutes West 109.8 feet continuing along said fence line; thence North 17 degrees 53 minutes East 338.9 feet continuing along said fence line; thence North 15 degrees 38 minutes East 224.3 feet along said fence line to the northern boundary of the said North V2 of the SW% of the SWV2; thence turn to the right and run in an easterly direction along the northern boundary of said 20 acre tract to the Northeast corner of said 20 acre tract; thence turn to the right and run South 1 degree 3 minutes West back to the point of beginning, all as more fully shown on the map or survey by Robert A. Fenstermaker introduced into evidence on the trial of this cause.”
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal are to be taxed to the appellant.
AFFIRMED.

. The named defendants are: S.E. Gassiott, Jr., Barbara Graves, Yvonne Gilbert, Donnie Hall, Linda Pettit, Aline Johnson, and Ms. S.E. Gas-siott, Sr.

. The Gassiotts also pled 10 years acquisitive prescription. However, since the trial judge decided the case on the basis of 30 years acquisitive prescription, we will affirm on that basis as well.

. The appellant has assigned the following specifications of error:
"It is respectfully submitted that the lower court erred:
1. In failing to consider various documentary exhibits in reaching its conclusions regarding ownership of the property;
2. In failing to apply the correct burden of proof on both sides of the case;
3. In finding that the Gassiott interests had made out a sufficient case to establish that they had possessed the disputed ten acre tract to identifiable boundaries for a period in excess of thirty years;
4. In impliedly finding that there had been no interruption by the Pringles of any potential acquisitive prescriptive period in excess of thirty years;
5. In adjudging ownership of the disputed ten acre tract to the Gassiotts.”

.At one point the plaintiff claimed that the defendants did not intend to possess as owner. The plaintiff attempted to substantiate this claim by demonstrating that a son-in-law of S.E. Gassiott, Sr. had entered into a lease with Harry Pringle. However, the lease concerned the duck pond property and not the twenty acre tract at issue in this suit.

. The fence had doubtless been in substantially the same location for more than 30 years. Although the record does not reflect conclusively who constructed the fence, the trial judge probably reasoned, by induction, that it was S.E. Gassiott, Sr. During his lifetime, Mr. Gassiott had exercised dominion over the fence, repaired it individually and with the aid of others (such as Edgar Brady the tenant), placed no trespassing signs along the fence, replaced portions of it when damaged by burning and by the plowing operations of a neighbor’s plow, all indicia of ownership.

. Mr. Gassiott had only one horse on the property at the inception of the tenancy; but it is to be borne in mind the character of the property and the use to which it may be put. Here we are dealing with a small ten acre tract and from the description given by the witnesses it appears that only a portion of the ten acres was cleared for pasture, resulting in its utility to support but few animals.