519 So.2d 348 (1988)
Loretta TOOLE, Individually and as Executrix of the Estate of Her Deceased Minor Child, Christopher Allen, Plaintiff/Appellant,
v.
A.D. TUCKER and Paul Tucker, Defendants/Appellants,
Caddo Parish Commission, Defendant/Appellee.
No. 19263-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1988.
Writ Denied March 18, 1988.
*349 C. William Gerhardt & Associates by William F. Kindig, Shreveport, Loretta Toole et al. for plaintiff/appellant.
Barnes, Jefferson, Robertson & Green by Stephen A. Jefferson, Monroe, for defendants/appellants A.D. Tucker, Paul Tucker.
Blanchard, Walker, O'Quinn & Roberts by Julie Mobley LaFargue, and W. Glen Mangham, Asst. Dist. Atty., Shreveport, for defendant/appellee, Caddo Parish Comm.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
A mother sued the developers of a subdivision for damages for the death of plaintiff's five year old child allegedly thrown from a van when the vehicle struck a pothole in a subdivision street. It was asserted in the alternative that, if the street had been dedicated to the Caddo Parish Commission ("CPC"), the accident was due to the negligence of that defendant.
CPC filed a motion for summary judgment, which was sustained. Both plaintiff and the subdivision developers appealed. For the reasons set forth, we reverse.
In her petition, plaintiff alleged that A.D. Tucker and Paul Tucker, as developers of the Pecan Farms Subdivision in Caddo Parish, were liable in damages for their failure to properly maintain the streets of that subdivision. However, it was asserted in the alternative, that if the subdivision streets had been dedicated to the public, the accident was caused solely by the negligence of the CPC in failing to properly maintain and service the streets. Judgment was prayed for in solido against the three defendants.
In its motion for summary judgment, CPC conceded that the street in question (Lareta St.) had been dedicated to the public, but denied that it had custody of the street or had ever maintained the street because of the failure of the subdivision developers to construct the street to meet minimum parish standards. Filed in support of the motion was an affidavit of the parish Director of Public Works stating that the subdivision developers (the Tuckers) did not pave the subdivision streets in compliance with parish standards and that, consequently, under Caddo Parish Ordinance No. 1392, CPC had no duty to maintain Lareta Street. A copy of the parish ordinance was filed together with a copy of the subdivision plat which contained this statement:
"Dedicated streets are not being paved to Parish Police Jury standards by Developer. Caddo Parish Ordinance No. 1392 of 1973 provides for Police Jury assistance when:
1) 60% of total lots sold to individuals for single family dwellings.
2) Construction has commenced on 60% of total lots and,
3) 60% of owners petition Police Jury for construction. Cost of construction by Police Jury will be assessed on front footage (one side only) against all lots in Subdivision."
In written reasons for sustaining the motion for summary judgment, the trial judge stated:
"Since the streets were not constructed in accordance with the applicable parish standards, Caddo Parish Commission had no duty to maintain the streets in the subdivision and in fact performed no maintenance on the streets ...
The clear terms of the above statutory authority (R.S. 33:5051; 48:481) and the limited acceptance of the parish on the act of dedication, the parish has no obligation to plaintiffs to maintain the streets in a safe condition."
A motion for summary judgment should only be granted where the pleadings, depositions, *350 answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P.. Art. 966; Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir. 1983); See also: Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983); Jones v. Prudential Ins. Co. of America, 415 So.2d 223 (La.App. 2d Cir.1982).
The burden of proof is on the mover to show that any real doubt has been excluded. The mover's pleadings, affidavits and documents are to be scrutinized closely while those of the opponent are to be indulgently treated. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville RR Co., et al, 427 So.2d 1152 (La.1983).
The court must first ask whether the supporting documents presented are sufficient to resolve all material issues of fact. Sanders, supra. If the evidence presented is subject to conflicting interpretations or reasonable men might differ as to its significance, summary judgment is not proper. Jackson v. State, Teacher's Retirement System of La., 407 So.2d 416 (La.App. 1st Cir.1981). Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Swindle, supra.
The critical question here is whether, under the established facts, CPC was entitled to summary judgment as a matter of law.
The Louisiana Supreme Court has indicated that, by the language of La.R.S. 33:5051, the legislature intended to require platting and dedication of all newly formed streets and alleys which were fashioned from land to be subdivided. Pioneer Production Corp. v. Segraves, 340 So.2d 270 (La.1976). The use of the word "shall" in the statute renders its provisions mandatory. La.R.S. 1:3.
Our jurisprudence consistently holds that statutory dedication is accomplished when the statute is substantially complied with. Anderson v. Police Jury of East Feliciana Parish, 452 So.2d 730 (La. App. 1st Cir.1984), writ denied, 457 So.2d 13 (La.1984). A statutory dedication pursuant to this statute conveys perfect ownership to the public. Arkansas-Louisiana Gas Co. v. Parker Oil Co., 183 So. 229 (La.1938); Schmit v. St. Bernard Parish Police Jury, 504 So.2d 619 (La.App. 4th Cir.1987), writ denied, 508 So.2d 89 (La. 1987); City of Covington v. Glockner, et al, 486 So.2d 837 (La.App. 1st Cir.1986), writ denied, 486 So.2d 693 (La.1986).
Even though La.R.S. 33:5051 does not specify any limitations to the ownership transferred to the public body, parishes may pass any ordinance required to maintain parish roads. La.R.S. 48:481. The statute granting these powers to the parishes provides that the parish may also pass penalties that will encourage compliance and assist in enforcement of the parish ordinances.
While this statute provides the right of the parishes to pass enforcement measures, the Court in Boagni v. State, Through the Department of Transportation, 399 So.2d 813 (La.App. 3d Cir.1981), writ denied 404 So.2d 497 (La.1981), specifically holds that a police jury has no power to enforce its regulations by rejecting the statutory dedication outlined in La.R.S. 33:5051 if the parish regulations were not complied with. See also Pioneer Production Corporation v. Segraves, supra. The failure to include a certificate stating the subdivision streets comply with parish ordinances could be punishable under La.R.S. 33:5053. Boagni states that the penalty may not be adequate to compel compliance, but that problem is properly addressed by the legislature. It cannot be resolved by allowing police juries to circumvent the clear mandate of La.R.S. 33:5051.
The CPC argues that while it is the owner of the street, the Tuckers are the custodians. The statute does not provide such a remedy for substandard roads dedicated to the public. When formal dedication is made, the dedicator is divested of his ownership. The thing dedicated is out of *351 commerce and is not susceptible of private ownership. Schmit v. St. Bernard Parish Police Jury, supra; City of Covington v. Glochner, et al., supra.
The statutes and jurisprudence support the passing of perfect ownership of the road from the developers to the CPC. Granting a motion for summary judgment on the ground that the CPC failed to accept custody at the time of dedication is contrary to the holding in Boagni, supra, as well as the principles of perfect ownership achieved by the statutory dedication pursuant to R.S. 33:5051.
In conclusion, for the reasons stated we have determined that CPC was not entitled to summary judgment as a matter of law.
Therefore, the judgment of the trial court is reversed. The motion for summary judgment is overruled and the case is remanded to the district court for further proceedings consistent with this opinion.