473 So.2d 359 (1985)
Clarence JACKSON
v.
J.I. CASE, INC., Lee Tractor Co., Inc., Travelers Insurance Co. and ABC Insurance Company.
No. 84-CA-516.
Court of Appeal of Louisiana, Fifth Circuit.
July 8, 1985.
*360 Edmond J. Harris, Heisler & Wysocki, New Orleans, for plaintiff/appellant.
Stephen N. Elliott, Mickey S. deLaup, Bernard, Cassisa, Saporito & Elliott, Metairie, for defendant/appellee.
Eric Shuman, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendant/appellee.
Before KLIEBERT, BOWES and GAUDIN, JJ.
BOWES, Judge.
From two judgments of the district court granting summary judgments in favor of defendants, plaintiff has appealed.
The instant lawsuit was originally one in products liability. Plaintiff Clarence Jackson was an employee of Restlawn Cemetery in Jefferson Parish. On November 17, 1980, plaintiff was using a back hoe tractor manufactured by the defendant J.I. Case, Inc. and sold to Restlawn by Lee Tractor Company, another defendant. While attempting to start the tractor, the battery exploded, injuring plaintiff in the face and eyes. In his petition, Mr. Jackson alleged that the explosion was the result of a defective starter, battery, and "other mechanical parts" of the tractor.
In the course of discovery, it was determined that the battery in question was a Sears "Die Hard" product, which Case contends was not supplied as an original component of the tractor as manufactured. In connection with its motion for summary judgment, Case submitted an affidavit of Wayne Hartman, an engineer employed by J.I. Case; the affidavit indicated that Hartman inspected the tractor in question, and that the battery involved was not the original battery nor a replacement supplied or recommended by Case. Further, Case claimed to have no knowledge that the battery was in use with this back hoe. Case also relied on portions of the depositions of Clarence Jackson and Larry Chedotal, the latter being a representative of Restlawn.
Mr. Jackson's deposition shows that the battery which exploded belonged to Larry Jackson, a co-worker of plaintiff's. Chedotal further stated that general maintenance on the tractor was done by either a superintendent or by plaintiff and that heavy or more complicated work was done by Lee Tractor Company.
Lee also filed a motion for summary judgment. Harry Hannan, president of Lee Tractor Company, swore by affidavit that Lee never performed maintenance or repair work on the back hoe's starter, knew of no problems or defects with the starter on this model tractor, and did not supply or even know of the use of the Sears battery in this tractor. Lee was never requested to inspect the starter by Restlawn or any other party.
An examination of the record in this case convinces us that neither defendant carried its burden of proof necessary to prevail in a motion for summary judgment.
The requirement necessary to support the granting of summary judgment is the judicial finding that the pleading, depositions, answers to interrogatories, and admissions on file, considered together with the affidavits submitted in connection with the motion, disclose no genuine issue as to material fact. La.C.C.P. art. 966.
The overall question to be answered in a products liability case is whether the product is defective and whether the defect *361 proximately caused the injury. Weber v. Fidelity & Casualty Ins. Co. of N.Y., 250 So.2d 754 (La.1971); Gatlin v. The Coca-Cola Co., 461 So.2d 452 (La.App. 5th Cir. 1984).
The finding of material fact presented at the summary judgment level in the present case was whether or not the tractor was defective. The plaintiff alleged several particulars in his petition which he postulated were defects. Not only did plaintiff aver that the battery itself was defective, but he included the starter, and "other mechanical parts"; moreover, he included as defects failure to inspect, negligent design (of the tractor as a whole), negligent manufacture, failure to warn, etc.[1]
Plaintiff did not limit his suit to the problem battery, nor is the battery the sole alleged defect recognizable under our law. Of the several grounds urged by plaintiff, we are unable to determine which, if any, caused the explosion which injured the plaintiff. Nothing in the record before us enables us to dispose of the central factual questions: Why did the battery explode? Was it inherently defective in and of itself, or was the electrical system of the tractor somehow at fault?
Neither the affidavit offered by Case, nor the other pleadings in the record, set to rest all issues of material fact so as to permit summary judgment.
A manufacturer is presumed to know of defects in its products. Rey v. Cuccia, 298 So.2d 840 (La. 1974); Phillippe v. Browning Arms Co., 395 So.2d 310 (La. 1981). To recover against a manufacturer, "... the plaintiff in a products liability suit must only prove that: (1) the product was defective, i.e., unreasonably dangerous to normal use, (2) the product's defect caused the injury, (3) the injury might reasonably have been anticipated by the manufacturer, and (4) the product was in normal use at the time the injury occurred. Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980), rehearing denied, September 12, 1980." Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040 (La.App. 1st Cir.1983).
There still remains, in this case, a question of material fact as to whether the tractor, above and beyond the battery, was defective. Insofar as Case, the manufacturer, is concerned, we are of the opinion that the question has yet to be fully addressed by the defendant. Summary judgment *362 as to Case was therefore improper and is hereby reversed.
Lee, being a non-manufacturer vendor of the tractor, has a different burden of proof:
A non-manufacturer seller of a defective product is responsible for damages in tort, only if he knew or should have known that the product sold was defective, and failed to declare it. L.S.A.-C.C. 2545; and Hudgens v. Interstate Battery Systems of America, Inc., 393 So.2d 940 (La.App. 3rd Cir.1981).
.....
As to the question of whether the vendor should have known of the defect, the law is that a vendor is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects.
Harris, supra.
The court in Harris found that absent a complete dismantling of the heater (the defective product in that lawsuit), the vendor could not have known that the product was defective. Therefore, the seller did not have the requisite knowledge to hold him liable.
Were this a suit sounding strictly in products liability, Lee may perhaps have prevailed. However, plaintiff amended his original petition as follows:
The proximate cause of this accident was the further negligence attributable to defendant, Lee Tractor Co., Inc., in the following respects:
a. By performing maintenance on the electrical system of the J.I. Case Tractor in a negligent manner;
b. By performing maintenance on the starter system of the J.I. Case Tractor in a negligent manner;
c. By installing replacement parts in the electrical system of the J.I. Case Tractor which defendant, Lee Tractor Co., Inc., knew or should have known, were defective;
d. By installing replacement parts in the starter system of the J.I. Case Tractor which defendant, Lee Tractor Co., Inc., knew or should have known were defective;
e. Any and all other acts of negligence, which may be proved at or prior to the trial of this matter on the merits.
Thus, insofar as the defendant Lee is concerned, plaintiff has extended his cause of action to include a negligence claim against Lee for negligent maintenance and repair. Lee's affidavit fully addressed the claim as to the starter and battery, but Lee failed to include the electrical system in its affidavit. The excerpted portion of Mr. Chedotal's deposition, offered by Case in its motion, indicates that Lee did do some repair on the electrical system:
Primarily, general maintenance work was done by our superintendent or Clarence Jackson himself. He would do oil changes, hydraulic filter changes, minor maintenance and repairs. When it was heavy work such as transmissions or mechanical engines, injectors or injector pump being electrical problems, we would generally bring it to Lee tractor.
It is obvious that failure to address the issue as to the electrical system is a failure to refute a question of material fact, because the electrical system in its entirety is composed of elements other than the starter. It is also obvious that other such parts of the electrical system (the alternator, for example) are or can easily be involved in the kind of accident which injured the plaintiff here. We must conclude, then, that the defendant Lee did not, by its affidavit and/or the rest of the pleading, resolve all the issues of material fact raised against it. Summary judgment was therefore improper as to this defendant also.
We are well aware that the plaintiff did not file counter-affidavits in the motion for summary judgment and this is generally a dangerous practice. However, the mere fact that a party has filed a motion for summary judgment along with affidavits does not compel judgment in favor of the mover. Under Articles 966-967, the record as a whole must evidence that all *363 critical elements of the opposing party's case have been set to rest, no matter how small plaintiff's chances to ultimately prevail may appear. Otherwise, the motion must fail, affidavits and counter-affidavits notwithstanding. The present case exhibits several material issues raised by plaintiff and which remain unsatisfied.
Accordingly, the judgments of the trial court in favor of the defendants, and dismissing plaintiff's suit, are reversed, and the case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] In his petition, plaintiff alleged:

VII.
That the aforementioned accident was caused by a defective starter, battery and other mechanical parts, which were integral parts of the said Case Tractor.
VIII.
A proximate cause of this accident was negligence attributable to defendants, J.I. CASE and LEE TRACTOR CO., INC., in the following respects: a. selling, consigning, or otherwise transferring a defective tractor;
b. failing to inspect the aforementioned tractor prior to selling, consigning or otherwise transferring it;
c. failing to check the battery and starter system on the tractor prior to selling, consigning or otherwise transferring it;
d. selling, consigning, or otherwise transferring an inherently defective tractor;
e. selling, consigning or otherwise transferring a tractor not safely fit for use as intended;
f. in negligently designing, manufacturing, assembling, repairing, testing and inspecting said tractor and its mechanical parts;
g. in failing to warn, or give adequate instructions concerning the dangerous and defective design, assembly, and handling characteristics of said tractor, when it knew or should have known that members of the general public or users of said equipment such as plaintiff were ignorant of said dangerous and defective characteristics;
h. in negligently placing of said tractor in the channels of trade when the defendant knew or with reasonable care should have known said tractor to be dangerous and defective in nature and design, or in a dangerous and defective condition, and negligently placed said tractor in the channels of trade in a manner which the defendant foresaw, or in the exercise of reasonable care ought to have foreseen, would probably carry said tractor into contact with persons such as the plaintiff who were ignorant of the dangerous and defective nature and condition of said tractor, and negligently failed to use reasonable care to prevent injury to such persons, including this plaintiff.