551 So.2d 61 (1989)
Harry JARVIS & Dorothy Jarvis
v.
J.I. CASE CO., et al. (Three Cases).
Nos. 88 CA 0700, 88 CA 1579 and 88 CA 1288.
Court of Appeals of Louisiana, First Circuit.
October 11, 1989.
Rehearing Denied November 17, 1989.
Writs Denied January 12, 1990.
Robert J. Caluda, New Orleans, J.J. McKernan, Baton Rouge, for plaintiff-appellant Harry Jarvis and Dorothy Jarvis.
C. Michael Hart, Baton Rouge, for defendant-appellee J.I. Case Co., Inc.
Vincent P. Fornias, Baton Rouge, for defendant-appellee Teledyne Wisconsin Motor.
Neil D. Sweeny, Baton Rouge, for defendant-appellee Louisiana Mun. Risk Management Agency.
Paul Marks, Jr., Baton Rouge, for defendant-appellee Certainteed Corp.
Boris F. Navratil, Baton Rouge, for defendant-appellee Koppers, Inc.
John R. Keogh, Baton Rouge, for defendant-appellee William D. Cook d/b/a Billy's Equipment Repair.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
From a series of summary judgments dismissing all defendants, plaintiffs Harry and Dorothy Jarvis have appealed.
In their petition plaintiffs claimed damages for severe personal injury, alleging negligence and strict products liability on the part of the following defendants: Certainteed Corporation (Certainteed), Koppers Company, Inc. (Koppers), J.I. Case Corporation (Case), Teledyne Wisconsin *62 Motor (Teledyne), and B & L Group, Inc. (B & L).[1]
Mr. Jarvis was an experienced foreman of a repair crew for the City of Baker. On December 10, 1984, his crew was sent out to repair a natural gas leak. Mr. Jarvis was operating a backhoe powered by a gasoline powered internal combustion engine. Before the gas to the leaking line was cut off by the supervisor and a coworker, Mr. Jarvis positioned the backhoe over the area of the gas leak. Plaintiffs allege that the backhoe backfired, causing the gas to ignite and explode. Mr. Jarvis was rescued from the fire, but he received severe burns to much of his body.
Several weeks prior to the accident city employees performed some maintenance work on the particular gas vein, which was constructed of PVC pipe designed, manufactured, and sold by defendant Certainteed. The workers used a solvent, Bitumastic No. 50, which was designed, manufactured, and distributed by defendant Koppers. The solvent was used at a coupling to facilitate that procedure, but in the process some of the solvent came into contact with the PVC pipe. The solvent allegedly caused the pipe to soften and eventually rupture.
Plaintiffs' cause of action against the remaining defendants focuses on the backhoe. At some undisclosed time prior to the accident, the backhoe, designed and manufactured by defendant Case, was taken to defendant B & L for an engine replacement. Defendant Teledyne designed and manufactured the engine which the repairman installed.
Thus, plaintiffs claim the use of four instrumentalitiesthe pipe, the solvent, the backhoe, and the enginecombined to cause the explosion and the resulting personal injury. The defenses available to the four manufacturers are identical. Although the defenses available to the repairman differ slightly from those of the manufactures,[2] all defendants claim that they cannot be liable because Mr. Jarvis was the sole cause of his own injury when he knowingly placed the backhoe in contact with the leaking gas. The fallacy of defendants' argument is their failure to acknowledge the concept that there can be several causes in fact which combine, result in injury, and become legal cause. Hastings v. Baton Rouge General Hospital, 498 So.2d 713 (La.1986).
Plaintiffs contend that the trial court erred in granting the motions because the defendants are not "ntitled to judgment as a matter of law. We agree. In oral reasons for judgment the trial judge appeared to focus on the nature of an internal combustion engine: that the substitution of a natural gas mixture in lieu of an oxygen mixture into the carburator will result in a "very spectacular combustion." However, the laws of physics do not resolve Hie question of legal cause. Although the trial judge stated he was basing his decision to grant the summary judgments on a duty-risk analysis of the facts, our own analysis leads to a different result.
In Crochet v. Hospital Service District No. 1, 476 So.2d 516 (La.App. 1st Cir.), writ denied 478 So.2d 1235 (La.1985), this court explained the judicial analysis required for the proper disposition of a motion for summary judgment in a personal injury case based upon egligence. At 517, we stated:
In determining negligence liability, the courts of this state have adopted a dutyrisk analysis approach. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). To hold the defendant liable for his negligence, each of the following questions must be answered in the affirmative:
1. Did the defendant owe a duty to the plaintiff?
2. Was this duty breached?
*63 3. Was the breach of duty a substantial factor in bringing about harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
4. Do the risk and harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached?
(Citations omitted.)
When a plaintiff has alleged products liability, the overall question to be answered is whether the product is defective and whether the defect proximately caused the injury. Weber v. Fidelity & Casualty Ins. Co. of N. Y, 259 La. 599, 250 So.2d 754 (1971); Gatlin v. Coca-Cola Co., 461 So.2d 452 (La.App. 5th Cir.1984).
Foreseeability of the harm is significant but is not conclusive. On a case by case basis each court should weigh the policy factors it considers important when determining whether or not the risk falls within the scope of the duty owed. Thus, the designer of a parking lot lighting system (Crochet v. Hospital Dist. No. 1, supra) and an automobile repairman (Ronstadt v. Begnaud Motors, Inc., 427 So.2d 911 (La.App. 3d Cir.), writ denied, 430 So.2d 82 (La.1983)) were not liable to victims for the criminal acts of third persons, because the manner in which the damages were sustained was not easily associated with the traditional risks of poorly designed lighting systems and poorly performed automobile repairs.
By contrast, in this case there is an obvious ease of association between injury by explosion and the duty of manufacturers and repairmen to provide pipe, solvent, a backhoe and an engine[3] that are not unreasonably dangerous, whether the danger arises from poor design, failure to warn, or from traditional negligence.
Furthermore, causation is clearly a question for the trier of fact. Any causal connection between the harm and a defendant mover's act, however slight when compared with other causes in fact, presents a jury question. Hastings v. Baton Rouge General Hosp., supra.
Defendants' emphasis on causation typifies a relatively new focus on this element of tort controversies. With the 1980 adoption of comparative fault in Louisiana, the defense of contributory negligence passed from the scene as an absolute bar to recovery. Now defense counsel have shifted tactics to attempt to prove that it was the negligence of the plaintiff, not the negligence of the defendant, which was the sole cause of the injury.[4] Absent other disputed facts, the trend has been for a defendant to attempt to avoid trial on the merits by moving for summary judgment on the issue of causation. However, under LSC.C. art. 2323, as revised in 1979, a procedure is contemplated whereby any negligence on the part of the plaintiff operates as a percentage reduction of his recovery. *64 See Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La.1988).
It appears to us that the adoption of comparative fault increases our obligation as a reviewing court to ascertain that the relief of summary judgment has not been granted erroneously. The record as a whole must show that all critical elements of the plaintiffs' case have been set to rest, without regard to the likelihood of the plaintiffs' chances ultimately to prevail. Jackson v. J.I. Case, Inc., 473 So.2d 359 (La.App. 5th Cir. 1985). It would be incongruous for us to relax our standards for summary judgment and allow this "new" defense to bar not only plaintiffs' recovery but also plaintiffs' day in court, when the jurisprudence preceding the adoption of comparative fault in this state lamented the necessity of the all-or-nothing resolution of tort disputes. See Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982).
Accordingly, we reverse the judgments of the trial court and remand the case for further proceedings. Costs of appeal are to be borne by the five appellees-defendants.
REVERSED AND REMANDED.
NOTES
[1] Although plaintiff refers to William D. Cook, d/b/a Billy's Equipment Repair, it appears from the record that this defendant is only one legal entity, B & L Group, Inc. Judgment rendered on May 16, 1988, was in favor of B & L Group, Inc. Nationwide Insurance Company insures B & L Group, Inc., and has joined in this appeal as an appellee.
[2] See Jackson v. J.I. Case, Inc., 473 So.2d 359 (La.App. 5th Cir.1985).
[3] The position in this litigation occupied by Teledyne, the engine manufacturer, makes it the most likely of the defendants to be excluded under the duty-risk analysis. However, we note that the affidavit of Teledyne's engineer filed with its motion mentions the existence of a spark arrestor muffler. The connexity between the type of muffler used on the backhoe and the resulting explosion will be a matter for the trier of fact at a trial on the merits. It is certainly material.

Summary judgment should be granted when reasonable minds must conclude that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La. 1979). The mover has the burden of establishing that there are no genuine issues of material fact still at issue and that he is entitled to judgment as a matter of law. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La. 1981). If there is any doubt about satisfaction of the burden, the doubt should be resolved against granting the summary judgment and in favor of trial on the merits. Vermillion Corp. v. Vaughn, supra; Jewell v. Thompson, 386 So.2d 689 (La. App. 3d Cir.), writ denied, 393 So.2d 746 (La. 1980).
A fact is "material" if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute.
Giddings v. Commercial Union Ins. Co., 539 So.2d 66, 68 (La.App. 2d Cir.1988), writ denied, 541 So.2d 897 (La.1989).
[4] Woods, Comparative Fault, Chapter 5, (2d ed. 1987).