KLIEBERT, Chief Judge.
The State of Louisiana, through the Department of Education, (hereinafter the “State”) sued the defendant, Brenda Dixon McVay, (a teacher employed in the public schools of this State) for incremental salary increases received by the defendant as a participant in the Louisiana Educational Employees Professional Improvement Program. The Professional Improvement Program, or “PIP,” is a program designed by the Louisiana legislature to encourage teachers to take courses and engage in educational pursuits for the purpose of professional improvement. Teachers participating in the program are given a salary supplement. The State alleged that the defendant failed to successfully complete her obligations under the PIP Program and failed to repay the State for the increments advanced. In order to participate in the program, the defendant was required to execute an agreement which provided for reimbursement to the State for any monies received if the terms of the contract were not fulfilled.
In her answer to the State’s petition, the defendant admitted she was a participant in the PIP Program and had received salary increases for her participation in the program. She denied the State’s allegation that she failed to successfully complete her obligations under the program and further alleged that she attempted to comply with the requirements imposed by the State and attempted to continue her participation in the program. She alleged that the State should have given her credit for certain courses completed by her and that the State arbitrarily and capriciously denied her credit for these courses in violation of her due process rights. The defendant also filed a reconven-tional demand for the loss of salary supplements she claims she would have received if she had been allowed to continue her participation in the program. The State denied the allegations of the defendant’s reconven-tional demand.
The State filed a motion for summary judgment on its claim against the defendant. In opposition to the State’s motion for summary judgment, the defendant filed an affidavit which stated as follows:
Affiant respectfully shows that she attempted to comply and complied with the requirements imposed by the Department of Education, and attempted to continue her participation in the Professional Improvement Program, but the Department of Education prevented her from doing so.
Affiant attempted to comply with the requirements of the Professional Improve *1194 ment Program by taking the requisite number of courses in order to obtain credit. Affiant should have been granted credit for the course “Diagnostic and Prescriptive Teaching” taken during the spring of 1983.
Affiant contends that she should have been given credit for the course “Folklore.” In fact, the local Jefferson Parish Professional Improvement Committee approved this course, and deemed that she should have received credit in the PIP Program due to extenuating circumstances. This was overturned by the State Professional Improvement Committee. The local Jefferson Parish PIP Committee stated that affiant’s case had merit and supported her appeal to the State PIP Committee.
As a result of the acts of the Department of Education, affiant has suffered a salary loss each year since the 1983-84 school year. Specifically, as a result of the acts of the Department of Education, affi-ant has lost her salary supplement on an annual basis. This amounts to an excess of $15,000.00 through the 1992-93 school year, and continuing.
Affiant further avers that she cannot locate all of the documents which may have been transmitted to her by the Professional Improvement Committee, and therefore, needs to review all documents in the possession of the Professional Improvement Committee in order to prepare and present a defense. The State of Louisiana failed to comply with discovery requests until January 13,1993, the date the Affidavit is being prepared. As a result, affiant has not had an opportunity to review the documents presented by the State of Louisiana.
Affiant avers that she has complied with all PIP requirements, and should have been given credit for all courses and should continue to receive the PIP increment.
Affiant further avers that the attached letter addressed to Ms. Lillian Jones, Office of the Attorney General, from Betty Hill, Hearing Officer for the Louisiana Educational Employees Professional Improvement Program, which contains no date but above the signature of Ms. Betty Hill states “review completed on November 18, 1991” is authentic.
After a hearing, the trial court granted the State’s motion for summary judgment and rendered judgment in favor of the State and against the defendant for $1,456.80, plus 5% of the principal amount as penalties, plus legal interest from date of judicial demand until paid in full, plus all costs of collection. The judgment reserved the defendant’s right to pursue her reconventional demand. The defendant filed an appeal from the judgment of the trial court granting the State’s motion for summary judgment.
A motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Code of Civil Procedure Article 966.
As may be noted in Dearie v. Ford Motor Co., 583 So.2d 28 (La.App. 5th Cir.1991), writ denied 588 So.2d 1117 (La.1991):
Although it may appear unlikely from the documents considered that one party can prevail, summary judgment cannot be granted once the court detects the existence of a disputed material fact. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788 (La.App. 3 Cir.1988), writ denied 525 So.2d 1048 [La.1988] and 525 So.2d 1049 [La.1988],
If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is not proper; only when reasonable minds must inevitably concur is summary judgment warranted and any doubt should be resolved in favor of trial on the merits. Toole v. Tucker, 519 So.2d 348 (La.App. 2 Cir.1988), writ denied 521 So.2d 1156 [La.1988].
*1195 The mere belief that the litigant is unlikely to prevail upon the merits is not sufficient basis to warrant rendition of summary judgment, thus depriving the litigant of a trial. Lucey v. Harris, 490 So.2d 416 (La.App. 5 Cir.1986), writ denied 496 So.2d 327 [La.1986].
The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact, and where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in the affidavits, attached exhibits and depositions, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La. 1981).
A fact is material for purposes of determining whether to grant summary judgment, if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery, or if it potentially ensures or precludes recovery, affects the plaintiffs ultimate success, or determines the outcome of the legal dispute. Dement v. Red River Valley Bank, 506 So.2d 1329 (La.App. 2 Cir.1987).
The weighing of conflicting evidence on material fact and making evaluations of credibilty have no place in summary judgment procedure. Watson v. Cook, 427 So.2d 1312 (La.App. 2 Cir.1983).
The mere fact that a party has filed a motion for summary judgment along with an affidavit does not compel judgment in favor of the mover and the record as a whole must evidence that all critical elements of the opposing party’s case has been set to rest, no matter how small the opposing party’s chances to ultimately prevail may appear, notwithstanding that the opposing party failed to file a counteraffi-davit. Jackson v. J.I. Case, Inc., 473 So.2d 359 (La.App. 5 Cir.1985).
In this case, the plaintiff moved for summary judgment on the basis that the defendant did not comply with the requisites imposed to complete her participation in the PIP Program. Although the State’s motion for summary judgment refers to an affidavit in support of the motion, no supporting affidavit is found in the record. The defendant denied the debt claimed by the plaintiff and denied the allegation that she failed to successfully complete the obligations under the program. Her affidavit, in support of her contentions, puts at issue material facts which are unresolved, based on the record before us.
Even if the plaintiff had filed an affidavit in support of its motion for summary judgment, the defendant’s pleadings and the defendant’s affidavit raise genuine material issues of fact which preclude summary judgment.
We conclude that material facts exist as to whether the defendant completed the program and as to whether the State was arbitrary and capricious in denying her credit for courses taken. Although the defendant may not be able to prove these contentions, we would be required to make a factual determination on these issues, which is inappropriate for purposes of deciding a motion for summary judgment.
In essence, the defendant’s factual contentions will be the subject of her reeonventional demand. Therefore, a trial on the merits will best determine the factual issues to be resolved.
For the foregoing reasons, the judgment of the district court is reversed and the matter is remanded for further proceedings.

REVERSED AND REMANDED.