583 So.2d 28 (1991)
Hugh George DEARIE, Jr.
v.
FORD MOTOR COMPANY and Lamarque Ford, Inc.
No. 90-CA-828.
Court of Appeal of Louisiana, Fifth Circuit.
June 5, 1991.
Rehearing Denied July 17, 1991.
Edward J. Norton, Jr., New Orleans, for plaintiff-appellant.
Pulaski, Gieger & Laborde, Robert W. Maxwell, New Orleans, and Gary L. Hayden, Ford Motor Co., Office of the General *29 Counsel, Dearborn, Mich., for defendantsappellees.
Before GRISBAUM and WICKER, JJ., and FINK, J. Pro Tem.
ELORA C. FINK, Judge Pro Tem.
In June 1986 Hugh Dearie suffered severe personal injuries when he was dragged and run over by a 1974 Ford Maverick automobile that started forward as he was attempting to climb into the driver's seat. He sued the manufacturer (Ford Motor Company) and the dealer from which his daughter bought the vehicle as a used car in 1979 (Lamarque Ford, Inc.), alleging the car's transmission had moved from neutral gear to "drive" on its own and was inherently defective. Some three years into the litigation, the defendants filed a motion for summary judgment, asserting there were no material issues of fact because the plaintiff had failed to disclose any defect or to present supporting evidence during discovery.
Under a prior ruling by the trial court on a motion to dismiss for alleged insufficiency of the plaintiff's answers to the defendants' requests for admissions, the plaintiff was to be limited to the following evidence:
The plaintiff had not retained an expert witness and the car itself was not available for testing because his daughter sold it for scrap shortly after the accident. The only witnesses he listed in his answers to interrogatories and requests for admissions were himself, his daughter and several persons who saw the accident happen. His daughter had stated in her deposition that the car had begun having transmission problems several months prior to the accident, that it would not move forward in "Drive" until it had warmed up for several minutes, and that the pointer on the gear shift lever did not point directly to the letters for the various gear stages, but rather pointed in between them.
The plaintiff testified that his habit when using the car was to put it in neutral gear and allow it to warm up for a few minutes prior to trying to drive it. He testified he had followed this practice on the day of the accident, leaving the car in the driveway in "neutral" while he went into the house to answer the telephone, and that when he returned to the car and tried to get into the driver's seat, the car began moving forward down the driveway without his having moved the gearshift. The car dragged him, partially in and partially out, down the driveway until it crashed into a tree and stopped. His other witnesses testified in their depositions that they had seen the accident but no one had looked at the transmission indicator to see what gear the car was in.
The trial court granted summary judgment, from which the plaintiff has appealed. He contends that a defect may be inferred from the circumstances of the accident and that there is a genuine question of material fact as to whether this was an inherent defect.
The defendants argue summary judgment was proper because the vehicle was 12 years old, had been driven over 100,000 miles, there had never been a recall of the vehicle for transmission problems and the defendant has no way to examine it to determine the cause of the accident. (The offending automobile was sold for scrap by the plaintiff's daughter shortly after the accident; thus, it is not available for testing or examination by experts.)
Further, the defendants contend, the plaintiff will be unable to prove that the defect was in the car when it left the manufacturer because the plaintiff is limited to presenting the evidence and the witnesses disclosed in his responses to the defendants' requests for admissions, which answers the defendants argue do not prove a manufacturing defect. The defendants assert summary judgment is appropriate because the plaintiff cannot carry his burden of proof.
Although it may appear unlikely from the documents considered that one party can prevail, summary judgment cannot be granted once the court detects the existence of a disputed material fact. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788 (La.App. 3 Cir.1988), writ denied 525 So.2d 1048 and 525 So.2d 1049.
*30 If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is not proper; only when reasonable minds must inevitably concur is summary judgment warranted and any doubt should be resolved in favor of trial on the merits. Toole v. Tucker, 519 So.2d 348 (La.App. 2 Cir.1988), writ denied 521 So.2d 1156.
The mere belief that the litigant is unlikely to prevail upon the merits is not sufficient basis to warrant rendition of summary judgment, thus depriving the litigant of a trial. Lucey v. Harris, 490 So.2d 416 (La.App. 5 Cir.1986), writ denied 496 So.2d 327.
The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact, and where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in the affidavits, attached exhibits and depositions, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981).
A fact is material, for purposes of determining whether to grant summary judgment, if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery, or if it potentially ensures or precludes recovery, affects the plaintiff's ultimate success, or determines the outcome of the legal dispute. Dement v. Red River Valley Bank, 506 So.2d 1329 (La.App. 2 Cir. 1987).
The weighing of conflicting evidence on material fact and making evaluations of credibility have no place in summary judgment procedure. Watson v. Cook, 427 So.2d 1312 (La.App. 2 Cir.1983).
The mere fact that a party has filed a motion for summary judgment along with an affidavit does not compel judgment in favor of the mover and the record as a whole must evidence that all critical elements of the opposing party's case has been set to rest, no matter how small the opposing party's chances to ultimately prevail may appear, notwithstanding that the opposing party failed to file a counteraffidavit. Jackson v. J.I. Case, Inc., 473 So.2d 359 (La.App. 5 Cir.1985).
In the case before us, the defendants moved for summary judgment on the basis that the plaintiff has failed to retain experts to support his claims of defective design and/or manufacture of the car and he is limited, by his responses to the defendants' requests for admission, to the facts thereby established. The plaintiff's case thus delineated rests primarily on his assertion of a "res ipsa" type argumentthat a defect in the car may be inferred from the circumstances of the accident.
We conclude issues of material fact still exist as to whether there was a defect in the car that caused the accident and, if so, whether that defect existed when the car left the manufacturer. Although the plaintiff may have difficulty proving these facts upon the record to which he is limited, we are unable to state conclusively that "reasonable minds could not differ in their interpretation of the evidence." See Reilly v. Dynamic Exploration, Inc., 571 So.2d 140 (La.1990). To rule otherwise would require us to make a factual determination, inappropriate on motion for summary judgment.
We note, further, that the record does not contain complete copies of the depositions of the witnesses to whose testimony the defendants refer in their briefrather, the record only has those portions of the depositions containing the cited testimony.
For the foregoing reasons, the judgment of the district court is reversed and the matter is remanded for further proceedings. Costs of this appeal are assessed against the appellees.
REVERSED AND REMANDED.