628 So.2d 259 (1993)
Harold FINKLE
v.
MAJIK MARKET a/k/a Toc Retail, Inc.
No. 93-CA-434.
Court of Appeal of Louisiana, Fifth Circuit.
December 15, 1993.
*260 Arcenious F. Armond, Jr., Gretna, for plaintiff/appellant Harold Finkle.
Alvin J. Bordelon, Jr., Donald F. Cass, Jr., Bordelon, Hamlin & Theriot, New Orleans, for defendants/appellees Toc Retail, Inc. and William Mahne.
Before GAUDIN, GRISBAUM and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Harold Finkle, appeals from a summary judgment in favor of defendant, TOC Retail, Inc. d/b/a Majik Market, which dismissed his suit for wrongful discharge and back wages. We affirm, finding that plaintiff was an at-will employee, terminable at will and without notice.
In 1991, plaintiff was employed by defendant as assistant manager of a store in Marrero, Louisiana. In July of 1992, his employment was terminated and he received two final pay checks. On September 18, 1992, plaintiff sued defendant for wrongful discharge and for penalties and attorney fees for wrongful withholding of wages under La. R.S. 23:631 and 632. Defendant filed for a summary judgment, supported by the policy and procedures manual, the time sheet and final paychecks issued to plaintiff, the employment application signed by plaintiff, a document entitled Separation Notice Alleging Disqualification and the personal affidavits of the area supervisor, the employee relations *261 manager, the store manager, and the payroll work leader. It was heard on January 7, 1993 and taken under advisement. On January 27, 1993 the trial court rendered judgment, granting the summary judgment and assigning Reasons for Judgment. The trial court found that plaintiff was an at-will employee, that the pleadings, affidavits, documents and the law show no genuine issues of material fact to preclude a summary judgment and that defendants are entitled to judgment as a matter of law. It is from this judgment that plaintiff now appeals, asserting that the trial judge erred, both because there are material issues of disputed fact and in finding him to be an at-will employee subject to termination without notice.
Plaintiff contends first that he was entitled to reasonable notice under La.C.C. art. 2024 because he had a contract for an indefinite term. He next asserts he was fired unfairly because the alleged just cause for his termination was caused by management and because management failed to follow company policy in both requirements of his employment and the manner in which his termination was handled. Third, plaintiff contends that defendant failed to pay him for all the hours he worked and, under La.R.S. 23:631 and 632, he is entitled to penalties and attorney fees.
Plaintiff contends that he was hired with the promise that he would be promoted to assistant manager within three months, which deviated from the normal policy of a six month training period. He asserts that he was also convinced to accept an hourly wage rather than a salary. Plaintiff alleges that he was specifically told about the company history and philosophy and was promised promotions based on dedication, hard work and advanced training. He claims that these promises were made to him in exchange for a reduced wage. He asserts that he was promised training and promotions as long as he did not repeatedly violate the disciplinary rules.
Plaintiff contends that the promises made to him, relating to training and promotions, constituted a contract with an indefinite term, requiring reasonable notice of termination under the Civil Code and jurisprudence. Although he agrees that at-will employees can be terminated without penalty, he further contends that, under company policy, the managers and assistant managers must be given prior written notice.
Defendant responds that plaintiff was an at-will employee and that there was no contract of employment entitling him to special treatment or notice. Defendant asserts that plaintiff was fired for excessive cash shortages and for failing to follow company policy and procedures. Regardless, defendant asserts that the relationship was not contractual and that plaintiff did not have a contract for either a definite or indefinite term. Thus, under La.C.C. art. 2747, it was not required to provide him with reasonable notice of termination.
The Louisiana codal articles applicable to employment contracts are La.C.C. art. 2746 (employment contracts for a definite term), La.C.C. art. 2747 (termination at will) and La.C.C. art. 2024 (contracts for unspecified duration).
La.C.C. art. 2746 states that "A man can only hire out his services for a certain limited time, or for the performance of a certain enterprise." Under this article, employees who have contracted for a definite term cannot be fired without just cause. On the other hand, La.C.C. art. 2747 provides that "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause." This article is the source of the terminable at-will doctrine in Louisiana. Employees who do not have a contract of employment, of either definite or indefinite term fall within the scope of this article and neither a reason nor notice is required to terminate such an employee.
La.C.C. art. 2024, found in the Conventional Obligations or Contracts section of the Civil Code, forms the basis for the principle that an at-will employee, who is hired pursuant to a contract for an indefinite term, must receive reasonable notice of termination. It states that "A contract of unspecified duration may be terminated at the will of either party by giving notice, reasonable in *262 time and form, to the other party." Thus, those who are parties to a contract for an indefinite term may be terminated at will, for any reason, but only with reasonable notice. This article applies to any type of contract, and has been specifically applied to employment contracts. See: Carlson v. Superior Supply Co., 536 So.2d 444, 446 (La. App. 2nd Cir.1988); Williams v. Touro Infirmary, 578 So.2d 1006, 1009 (La.App. 4th Cir.1991); Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101, 1103 (La.1988). Where there is no specific contract between the employee and employer, the employee is at-will and may be terminated for any reason, at any time, without the notice requirement. La.C.C. art. 2747; Williams, 578 So.2d at 1008; Brannan, 526 So.2d at 1103; Herbert v. Placid Refining Co., 564 So.2d 371, 373 (La.App. 1st Cir.1990).
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show that there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The party moving for summary judgment has the burden of proving that no material issues of disputed fact exist. Smith v. Estrade, 589 So.2d 1158, 1160 (La.App. 5th Cir.1991). A fact is material if its existence or non-existence may be essential to the cause of action under the applicable theory of recovery, or if the fact potentially insures or precludes recovery, affects the ultimate success of plaintiff or determines the outcome of the legal dispute. Dearie v. Ford Motor Co., 583 So.2d 28, 30 (La.App. 5th Cir.1991). However, the mere belief that the litigant will not prevail on the merits is not sufficient to warrant a summary judgment and thus deprive the party of a trial on the merits. Dearie at 30.
Once the moving party has supported its motion, the opposing party may not rest merely on allegations or denials contained in the pleadings, but must provide opposing affidavits or other documentation which show that there are genuine issues of material fact. Williams v. Markel Lumber Co., 566 So.2d 446 (La.App. 4th Cir.1990). Factual assertions in the brief are not evidence of a fact. Jones v. Bickham, 617 So.2d 145 (La.App. 5th Cir.1993). However, in order for the court to grant a summary judgment, the record as a whole must show that all critical elements of opposing party's case have been set to rest, regardless of whether the opposing party has failed to file counter-affidavits. Dearie at 30.
In this case, defendant has provided ample evidence to show that the relationship between it and plaintiff was simple, at-will employment. The affidavits of the company personnel state that plaintiff was not hired under a contract for an indefinite or definite term. Further, the employment application, signed by plaintiff, specifically states that he is not being offered a position with a contract of employment. Plaintiff's allegations of disputed fact were made either in his brief to this court or in his petition. He has not supplied any counter-affidavits or other documentation to rebut the evidence provided by defendant. Thus, he has not produced evidence to carry his burden and show that there are material issues of fact in dispute on the question of his employment status.
Furthermore, even if this court could accept what plaintiff asserts relating to special considerations because he was an assistant manager and the promises that he would receive promotions as long as he did not violate company policy, those allegations do not support a finding that he was a contractual employee hired for an indefinite term and entitled to reasonable notice under C.C. art. 2024. His assertions show only that he was an at-will employee. Thus, we find that the trial judge did not err in granting the summary judgment filed by defendant on this basis.
Plaintiff next argues that he was unfairly fired because the reason given for his discharge, excessive cash shortage, was due to the area supervisor who required him to leave cash outside of the safe. He also asserts that management violated company policy by requiring him to work excessive hours and in not following company policy in the manner in which he was fired. He contends that defendant failed to explain the alleged *263 misconduct for which he was fired and failed to investigate the allegation of a cash shortage.
Because we have already found that plaintiff was an employee terminable at the will of defendant, these allegations need not be addressed. As we have already stated, no reason or notice is required for the termination of an at-will employee.
In his last alleged error, plaintiff complains that defendant failed to pay him for all the hours he worked prior to discharge. He contends that there is an error in the hours worked on one of the last days of his employment. He asserts that he worked a full day and is only credited with three hours. Plaintiff admits that the time is marked on the time sheet, but claims it was changed after he was terminated.
Plaintiff raised these factual issues in his brief. Again, with the issue of his employment status, he presented no opposing documents to the trial court in opposition to the motion for summary judgment. Consequently, as plaintiff failed in his burden to properly raise these factual issues, the motion for summary judgment was properly granted.
Accordingly, the judgment of the trial judge is hereby affirmed.
Costs of this appeal are to be paid by appellant.
AFFIRMED.