731 So.2d 915 (1999)
Eric Lamar DUFOUR
v.
E-Z SERVE CONVENIENCE STORES, INC., Pelican Ice and Cold Storage, Inc., Royle Insurance Company of America and Royal Indemnity Company.
No. 98-CA-996.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*916 Michael Hingle, Ronald J. Favre, Michael Sevante, Blaine Barrilleaux, Hammond, Louisiana, Attorneys for Appellant.
Alvin J. Bordelon, Jr., David E. Walker, New Orleans, Louisiana, Attorneys for Appellees.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and MARION F. EDWARDS.
EDWARDS, Judge.
Plaintiff/appellant Eric Lamar Dufour appeals the judgement of the trial court dismissing his suit for failure to prove statutory negligence under LSA-R.S. 9:2800.6. It is the opinion of this Court that the trial court did not err in its ruling. Furthermore, it is the finding of this Court that the plaintiff has not born his burden of proof for a cause of action under the theory of strict liability against defendant E-Z Serve Convenience Stores, Inc. For the following reasons, we affirm.
The incident at issue took place on July 19, 1995 at E-Z Serve Convenience Store No. 2163 in LaPlace, Louisiana. Plaintiff Eric Dufour and companion Neal Oster entered the store to purchase beer. While looking at beer prices posted overhead, plaintiff slipped and fell in a puddle of water located outside the ice cooler. At the time of the incident, plaintiff was wearing shorts and "flip flops" and according to his testimony, he had already consumed one or two beers before entering the premises.
Plaintiff reported the incident to the cashier on duty, one Ms. Unita Cola. Ms. Cola is no longer in the employ of E-Z Serve and could not be located to testify at trial.
Plaintiff alleges that he has suffered from headaches, back aches, and neck pains as a result of this incident. He has been treated by Dr. Morteza Shamsnia for cervical and lumbar injuries and has undergone a course of physical therapy.
*917 The case went to trial on April 30, 1998. The only two witnesses presented at trial were the plaintiff and defendant's Safety Coordinator, one Ms. Diane Christen. After hearing the testimony and taking the matter under advisement, the trial court ruled in favor of the defendants, dismissing plaintiff's suit. The trial court reasoned that the plaintiff had failed to prove statutory negligence under LSA-R.S. 9:2800.6. Plaintiff filed a Petition for Devolutive Appeal on July 31, 1998. The matter is now before this Court for review.

LAW AND ANALYSIS
Plaintiff Eric Dufour alleges two assignments of error on appeal. The first is that the trial court erred in failing to consider strict liability on the part of defendant E-Z Serve pursuant to LSA-C.C. art. 660, LSA-C.C. art. 2322, and LSA-C.C. art. 2317. The second assignment of error is that the trial court erred in finding that plaintiff failed to prove the essential element of constructive notice on the part of defendant E-Z Serve as required under LSA-R.S. 9:2800.6. These assignments of error are without merit and must be dismissed. The plaintiff has not born his burden of proof on the theory of strict liability and the trial court was not manifestly erroneous or clearly wrong in dismissing plaintiffs suit on the theory of negligence under LSA-R.S. 9:2800.6.
The incident in question took place on July 19, 1995, prior to the revision in Louisiana tort law which took place in 1996. Generally, the determinative point in time separating prospective form retroactive application of an enactment is the date the cause of action accrues. Cole v. Celotex, 599 So.2d 1058 (La.1992); Pitre v. GAF Corp., 97-1024 (La.App. 1st Cir. 12/29/97), 705 So.2d 1149. Once a party's cause of action accrues, it becomes a vested property right that may not constitutionally be divested. Cole v. Celotex, 599 So.2d at 1063. Therefore, since the cause of action in this case accrued prior to the 1996 revision, this Court must apply the pre-revision law.
Plaintiff's first assignment of error is that the trial court failed to consider his cause of action under the theory of strict liability. The applicable statute is LSA-C.C. art. 2317, which states in part:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
Plaintiff claims that the puddle of water in which he slipped was caused by a leak in the ice cooler in defendant's store. Since the ice cooler was in the custody of the defendant, it is plaintiffs assertion that the defendant is strictly liable to him under LSA-C.C. art. 2317 for the injuries he allegedly sustained as a result of his slip and fall.
An owner's liability for a vice or defect on the premises is rooted in LSA-C.C. arts. 2317 and 2322. Celestine v. Union Oil Co. of California, 98-1868 (La.4/10/95), 652 So.2d 1299. Both articles impose strict liability, or liability without fault, based upon status as owner or custodian rather than on personal fault. Id. at 1303. When harm results from the conduct of a person or defect of a thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. Simeon v. Doe, 618 So.2d 848 (La.1993).
While the plaintiff need not prove negligence on the part of defendant E-Z Serve in this case, he still bears the burden of proving the merits of his claim. To prove liability under article 2317 the plaintiff need not allege negligence but must show: (1) the thing which caused the damage was in the care and custody of the *918 defendant; (2) the thing had a vice or defect that created an unreasonable risk of injury to another; and (3) the defect caused the injury. Manhattan Blvd. Partnership v. Louisiana Power & Light Co., 94-192 (La.App. 5th Cir. 9/14/94), 643 So.2d 1282. However, it is well settled that the existence of a defect, or condition which presents an unreasonable risk of harm, cannot be inferred solely from the fact that the accident occurred. Matherne v. Somme, 94-55 (La.App. 5th Cir. 5/31/94), 638 So.2d 437. Furthermore, a building owner is not responsible for all injuries resulting from any risk posed by his building; he is only liable for those injuries caused by an unreasonable risk of harm to others. Celestine v. Union Oil Co. of California, supra.
In the present case before the bar, the plaintiff has not borne his burden of proof. While plaintiff has proven that the ice cooler was in the care and custody of the defendant, he has failed to prove that the ice cooler was defective or that it caused an unreasonable risk of harm. The fact that there was a puddle of water on the ground, and that this puddle caused an unreasonable risk of harm, is not in dispute. The source of the puddle is in dispute, however, and was not proven to be the fault of the defendant. Therefore, after a review of the record in its entirety, we find that the defendant is not strictly liable to the plaintiff for the injuries that he allegedly sustained as a result of a slip and fall on defendant's premises.
The plaintiff's second assignment of error is that the trial court erred in dismissing his suit for failure to prove constructive notice on the part of defendant under LSA-R.S. 9:2800.6. However, a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Parker v. Winn-Dixie Louisiana, Inc., 615 So.2d 378 (La.App. 5th Cir.1993). The Supreme Court has announced a two-part test for reversal of a factfinder's determinations:
(1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
(2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Stobart, supra. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Id. Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Id.
The plaintiff's cause of action for negligence on the part of the defendant is founded on LSA-R.S. 2800.6. Prior to the 1996 tort revision, the statute read in part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

*919 (3) The merchant failed to exercise reasonable care.
See Franovich v. K-Mart Corp., 94-1039 (La.App. 5th Cir. 3/28/95), 653 So.2d 695.
The issue presented for review is whether or not defendant had constructive notice of the puddle of water in the store. A trial court's determination of whether a merchant had actual or constructive notice of a condition creating an unreasonable risk of harm to its customer's is a factual finding which may not be set aside absent a showing of manifest error. Diez v. Schwegmann Giant Supermarkets, Inc., 97-0034 (La.App. 1st Cir. 2/20/98), 709 So.2d 243.
Constructive notice means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. LSA-R.S. 9:2800.6(C)(1); White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. The plaintiff must make a positive showing of the existence of the condition prior to the fall. Id. at 1084. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Id.; see also Barton v. Wal-Mart Stores, Inc., 97-801 (La.App. 3rd Cir. 12/10/97), 704 So.2d 361. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question. White, supra; Barton, supra. Therefore, a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. White, supra.
In the present case before the bar, the trier of fact did not find sufficient evidence to prove constructive notice on the part of defendant E-Z Serve. Evidence was not presented at trial which could adequately prove that the puddle of water existed for some time before the fall. Therefore, absent manifest error, we hereby affirm the ruling of the trial court.
In summary, this Court finds that defendant E-Z Serve is not strictly liable to the plaintiff for the injuries that he allegedly sustained as a result of a slip and fall on defendant's premises. Furthermore, it is the opinion of this Court that the trial judge did not err in dismissing the plaintiff's suit on the grounds that he failed to prove constructive notice pursuant to LSA-R.S. 9:2800.6 for a cause of action in negligence.
AFFIRMED.