MARION F. EDWARDS, Chief Judge.
| gThis is an appeal by the plaintiff/appellant, Lenai Boye (“Ms. Boye”), from the trial court’s judgment granting a motion for summary judgment filed by the defendant/appellee, Daiquiris & Creams No. 3, Inc. (“Daiquiris”), which also dismissed Ms. Boye’s action with prejudice. For reasons that follow, we reverse the grant of summary judgment, and we remand the matter to the trial court for further proceedings.
Ms. Boye filed an action for damages sustained when she fell while exiting the ladies’ room facility at the Daiquiris establishment in Metairie, Louisiana. Ms. Boye and her husband stopped at the bar at about 8:00 p.m. so that Ms. Boye could use the facilities. While Mr. Boye went to the bar, Ms. Boye went to the restroom. She entered the restroom safely, but she missed the step at the threshold of the restroom when exiting. She fell on her chin, causing injuries to her chin, jaw, and hneck. Ms. Boye also suffered a broken wrist in the fall. Ms. Boye filed this action against Daiquiris for damages.[1]
Discovery was conducted by both parties, and Daiquiris filed a motion for summary judgment asserting that there is a step at the threshold of the restroom that requires one to step up to enter and down to exit. Daiquiris also asserted that Ms. Boye saw the step and was able to step up and enter the restroom with no trouble. Thus, Daiquiris reasons that Ms. Boye had actual knowledge of the step and is precluded from bringing the action for damages. After a hearing on the matter, the trial court granted summary judgment and dismissed Ms. Boye’s action with prejudice.
Ms. Boye appeals that decision.

LAW AND ANALYSIS

In support of its motion for summary judgment, Daiquiris offered the deposition testimony of several employees who testified that the door to the restroom was marked with “Step Up” and “Step Down” signs at the time of the incident in question. There was also testimony that the vanity lights inside the ladies’ room, as well as those outside in the alcove, are always on when the establishment is open. They also testified that there is reflective tape on the step as well.
However, Ms. Boye offered testimony controverting those facts. Danielle Dayton, who lives near the Daiquiris and visits often, stated that the lights leading to the alcove near the ladies’ room were not on and there was no reflective tape on the step at the time of the fall. She also testified that it was always dark in the hallway leading up to the ladies’ room and that she must be very careful not to trip when using the facility.
|4Ms. Boye testified that she had never been in the Daiquiris before the evening of April 30, 2008. On that day, at about 8 p.m., she and her husband were driving to a barbeque given by a friend who lived near the Daiquiris. Ms. Boye asked her husband to stop so she could use the restroom. Mr. Boye went to the bar to order a beer, and Ms. Boye went to the ladies’ *507 room. She testified that the facility is located in a small, dimly lit alcove in the back of the bar. She went in the restroom without incident. However, when she opened the door and stepped out of the restroom, she went “free-falling” and landed on her chin. Photos in the record show that the threshold of the door drops off to the hall floor several inches below the restroom floor. Ms. Boye broke her wrist in the fall and eventually landed on her chin. She returned to the ladies’ room' to get some paper towels to contain the bleeding. When she reported the incident to the woman behind the bar, the woman said, “Oh, I bet you didn’t see that big high step.” Ms. Boye stated she did not see any warning signs or reflective tape. She also stated that the vanity lights outside of the ladies’ room in the small alcove were not lit and that it was dark.
Summary judgment should be granted only if pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and mover is entitled to judgment as matter of law.[2] Summary judgments are favored in the law and the rules should be liberally applied.[3] The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions.[4] The mover bears the burden of proof; however, the mover need only to “point out to the court that there is an absence of factual support for one or more | ^elements essential to the adverse party’s claim....”[5] Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain.[6]
The facts remaining to be decided must be material facts in order to preclude a summary judgment. For summary judgment purposes, a fact is material if its existence or non-existence may be essential to the cause of action under the applicable theory of recovery, or if the fact potentially insures or precludes recovery, affects the ultimate success of plaintiff or determines the outcome of the legal dispute.[7] However, the mere belief that the litigant will not prevail on the merits is not sufficient to warrant a summary judgment and thus deprive the party of a trial on the merits.[8]
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate.[9] Any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained.[10]
Ms. Boye’s action for damages must be analyzed pursuant to La. C.C. arts. 2317.1 and 2322. Article 2322, provides, in pertinent part, that:
*508 The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice [fior defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care....
The owner of a building cannot be held responsible for all injuries resulting from any risk posed by his building, only those caused by an unreasonable risk of harm to others.[11] A defect under La. C.C. art. 2322 cannot be inferred simply because an accident occurred.[12] The question of a defect turns on whether the thing presents an unreasonable risk of harm. There is no fixed rule for determining whether the thing presents an unreasonable risk of harm. To assist the trier-of-fact, many factors are to be considered and weighed, including: (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate precautions; (5) individual and societal rights and obligations; and (6) the social utility involved.[13] The method for determining whether a thing under garde poses an unreasonable risk of harm is similar to that of taking into account all of the social, moral, economic and other considerations as would a legislator regulating the matter, and the analysis is virtually identical to the risk-utility balancing test used in both negligence and product liability theories.[14]
In 1996, the Louisiana Legislature altered the tort law of strict liability by adding the requirement of knowledge on the part of the owner or custodian of the thing.[15] That revision effectively turned strict liability into a negligence claim and established a negligence standard that dictates an owner’s duty is to exercise | Treasonable care to recognize and repair or remove a vice or defect in the building which presents an unreasonable risk of harm to others.[16]
In brief to this Court, Ms. Boye argues the trial court used the outdated concept that contributory negligence is a bar to recovery in a tort action. Daiquiris takes the position that this is a case in which the hazard was open and obvious and, therefore, did not present an unreasonable risk of harm. In support of its position, Daiquiris refers us to several cases in which awareness of the hazard by a plaintiff has precluded recovery.[17]
*509 In the motion for summary judgment, Daiquiris asserted that summary judgment should be granted because “the step was an open and obvious condition and Plaintiff had actual knowledge of the subject step before her alleged fall.”
From the written Reasons for Judgment, it is clear that the trial court held that Daiquiris could not be found liable for a condition that Ms. Boye had actually observed just prior to her accident. The trial court further stated, “[m]ost important, Ms. Boye presented no evidence to establish that the conditions existing at the time of entering the bathroom were any different from the conditions existing moments later upon her exit from the bathroom.” It is also clear from the transcript that the trial court relied on Eisenhardt v. Snook[18] in granting summary judgment.
In the case at bar, the only issue before the trial court was whether the fact Ms. Boye safely entered the restroom precludes her action for damages. The trial court granted summary judgment without consideration of any other material facts relating to a finding of unreasonable risk of harm. We find this to be legal error.
| sEisenhardt and other cases relied upon by the court and Daiquiris do not hold that knowledge of a defect alone is sufficient to preclude recovery. On the contrary, the Eisenhardt court stated:
If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner.... It is the court’s obligation to decide which risks are unreasonable based upon the facts and circumstances of each case.[19] (Omitted citations noted in footnote 19 below.)
We find that the determination of which risks are unreasonable, based on a full consideration of all of the facts and circumstances, is required to determine liability. In this case, the trial court only considered one factor in granting summary judgment, that of knowledge of the hazard. Lighting, signage, utility and condition of the step at the time of the fall are all still at issue and are material facts remaining to be decided by a trier of fact at a trial on the merits. Therefore, we find this case was not in an appropriate posture for summary judgment.
Accordingly, we reverse the trial court’s grant of summary judgment, and we remand the matter for further proceedings in compliance with this opinion.

REVERSED AND REMANDED

. Ms. Boye added Daiquiris’ insurer, Colony Insurance Company, as an additional defendant in a supplemental and amending petition. The motion for summary judgment includes both defendants.

. La. C.C.P. art. 966.

. Nutt v. City of Gretna, 00-1864 (La.App. 5 Cir. 5/16/01), 788 So.2d 617.

. La. C.C.P. art. 966; Perricone v. East Jefferson Gen. Hosp., 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.

. La. C.C.P. art. 966(C)(2).

. Perricone v. East Jefferson Gen. Hosp., supra.

. Dearie v. Ford Motor Co., 583 So.2d 28, 30 (La.App. 5 Cir.1991).

. Id.

. Nutt v. City of Gretna, supra.

. Johnson v. Folse, 07-1031 (La.App. 5 Cir. 5/27/08), 986 So.2d 110, writ denied, 992 So.2d 991, 08-1377 (La.9/26/08).

. Entrevia v. Hood, 477 So.2d 1146, 1149 (La.1983).

. Dufour v. E-Z Serve Convenience Stores, Inc., 98-996 (La.App. 5 Cir. 3/30/99), 731 So.2d 915.

. Dupree v. City of New Orleans, 99-3651 (La.8/31/00), 765 So.2d 1002, 1012.

. Pepper v. Triplet, 03-0619 (La. 1/21/04), 864 So.2d 181, 190.

.Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 112 So.2d 865, writ denied, 00-3247 (La. 1/26/01), 782 So.2d 636.

. See current versions of La. C.C. arts. 2317.1 and 2322.

. Specifically, Fluence v. Marshall Bros. Lincoln-Mercury, 10-482 (La.App. 5 Cir. 11/23/10), 54 So.3d 711; Pryor v. Iberia Parish Sch. Bd., 10-1683 (La.3/15/11), 60 So.3d 594; Dauzat v. Curnest Guillot Logging, Inc., 08-0528 (La. 12/2/08), 995 So.2d 1184; and Eisenhardt v. Snook, 08-1287 (La.3/17/09), 8 So.3d 541.

. 08-1287 (La.3/17/09), 8 So.3d 541.

. Eisenhardt, supra at 544-45 (citing Dauzat v. Curnest Guillot Logging, Inc., 08-0528 (La.12/2/08), 995 So.2d 1184; Hutchinson v. Knights of Columbus, 03-1533 at p. 9 (La.2/20/04), 866 So.2d 228, 234; Pitre v. La. Tech Univ., 95-1466, 95-1487 at p. 11 (La.5/10/96), 673 So.2d 585, 591; Harris v. Pizza Hut of La., Inc., 455 So.2d 1364, 1371 (La.1984)).