2015-1826 (La. 11/15/16)

**STATE EX REL. Jennifer ENGLADE**

v.

**STATE of Louisiana**

No. 2015–KH–1826

Supreme Court of Louisiana.

11/15/2016

PER CURIAM:

Denied. Relator is not entitled to assert insufficient evidence and right to fair trial claims as her unconditional guilty plea waived all non-jurisdictional defects. See State v. Crosby, 338 So.2d 584, 586 (La. 1976). In addition, relator fails to show she was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator's sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93–1380 (La. 1/12/96), 665 So.2d 1172. We attach hereto and make a part hereof the Court of Appeal's ruling.

Relator has now fully litigated her application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless she can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted her right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

Attachment

# *Application For Writs*

## No. 15-KH-480

## COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

AUGUST 04, 2015

*Mary B Legnon*

_____ Deputy Clerk

STATE OF LOUISIANA

VERSUS

JENNIFER ENGLADE

IN RE JENNIFER ENGLADE

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE EMILE R. ST. PIERRE, DIVISION "C", NUMBER 13,387

Attorneys for Relator:

Jennifer Englade #413417
Louisiana Correctional Institute for Women
P. O. Box 26
St. Gabriel, LA 70776

**WRIT DENIED**

(See attached disposition)

Gretna, Louisiana, this _31st_ day of _August_, 2015.

Attorneys for Respondent:

Hon. Joel T. Chaisson, II
District Attorney
Post Office Drawer 680
Hahnville, LA 70057
(985) 783-6263

IMAGED AUG 31 2015 *pp.1-3*

Attachment—Continued

STATE OF LOUISIANA

VERSUS

JENNIFER ENGLADE

Attachment—Continued

NO. 15–KH–480

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WRIT DENIED**

Relator, Jennifer Englade, challenges the trial court's July 1, 2015 denial of her application for post-conviction relief (APCR) filed on May 22, 2015. In her APCR, relator raised claims of insufficiency of the evidence, denial of her right to a fair trial, ineffective assistance of trial counsel, and excessiveness of her sentence.

On September 2, 2014, relator pled guilty to first degree vehicular negligent injury in violation of La. R.S. 14:39.2 (count one), three counts of vehicular homicide in violation of La. R.S. 14:32.1 (counts two, three, and four), and third degree feticide in violation of La. R.S. 14:32.8 (count five). On September 25, 2014, the trial court sentenced relator to five years imprisonment at hard labor and a $2,000.00 fine on count one; thirty years imprisonment at hard labor, with five years of the sentence to be served without the benefit of parole, probation, or suspension of sentence, and a $15,000.00 fine, each on counts two, three, and four; and five years imprisonment at hard labor and a $2,000.00 fine on count five. The trial court ordered all sentences to run concurrently.

Relator's claims of insufficient evidence and the denial of a right to a fair trial are without merit. A defendant's guilty plea waives all non-jurisdictional defects in the proceedings leading to the plea. *State v. Crosby*, 338 So.2d 584, 586 (La. 1976). A validly-entered plea of guilty waives any right a defendant might have had to question the merits of the State's case and the factual basis underlying the conviction. *State v. Lemon*, 05–567, p. 10 (La.App. 5 Cir. 2/14/06), 923 So.2d 794, 799. Because relator pled guilty, the State did not present evidence nor did a trial occur. As to relator's guilty plea, the trial court noted

in its ruling that it reviewed the transcript of relator's guilty plea, and that it performed the necessary colloquy. Additionally, it found that relator knowingly and intelligently admitted her guilt, acknowledged satisfaction of her counsel, and waived her constitutional rights. Therefore, these claims are without merit.

As to her claim of ineffective assistance of trial counsel, relator argues that trial counsel failed to investigate witnesses and failed to move for a change in venue. Relator also claims counsel was prejudiced against her because counsel was pregnant,[1] and should have unenrolled as counsel. Additionally, she claims that counsel failed to assert that the St. John the Baptist Sheriff's Office was negligent. Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12–678, pp. 18–19 (La.App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Casimer*, 12–678 at 19, 113 So.3d at 1141.

Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *Id.* An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." *Id.* (quotations omitted). To prove prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial

---

1. Defendant pled guilty to one count of third degree feticide.

would have been different. *Id.* (citing *Strickland v. Washington, supra* ). However, the trial court found that defense counsel was a zealous advocate for relator. We agree with the trial court and find that relator did not prove counsel's performance was deficient to meet the requirements of *Strickland, supra*, and her claim regarding ineffective assistance of counsel has no merit.

Lastly, relator claims that her sentence was excessive. However, La.C.Cr.P. art. 930.3 provides no basis for review of claims of excessiveness or other sentencing error post-conviction. *See also State ex rel. Melinie v. State*, 93–1380 (La. 1/12/96), 665 So.2d 1172. Therefore, relator cannot raise a claim of excessive sentence in an APCR.

Accordingly, relator's writ application is denied.

Gretna, Louisiana, this _31st_ day of _August_, 2015.

MLL
_____
JUDGE M. LAUREN LEMMON, PRO TEMPORE

Smc
_____
CHIEF JUDGE SUSAN M. CHEHARDY

_____
JUDGE MARC E. JOHNSON

A TRUE COPY
GRETNA

AUG 3 1 2015

DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT

2015-1828 (La. 11/15/16)