CHEHARDY, C.J.
In these consolidated wrongful death and personal injury cases, plaintiffs appeal the grant of summary judgment filed by defendant, Mike Tregre, individually, and in his official capacity as Sheriff of St. John the Baptist Parish. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.
Factual and Procedural History
The designated record before us shows that, in the late evening of May 25, 2013, deputies from St. John the Baptist Parish responded to a 9-1-1 call from a security guard at a daiquiri shop in St. John the Baptist Parish reporting that four "highly intoxicated" individuals were leaving the bar in a vehicle and driving away. When a deputy arrived at the bar, the security guard gestured to a vehicle that was exiting the parking lot onto Airline Highway. The deputy stopped the vehicle and found Rechelle Hotard, Jennifer Englade, Joshua Jones, and Michael Gunter in that vehicle. A second deputy requested criminal background information on these four individuals[1] and vehicle information on the vehicle. The dispatcher reported that Hotard, who was being belligerent, had an outstanding warrant. As a result, the deputies arrested Hotard.
When the dispatcher, Christina Blank, ran a criminal history check on Jennifer Englade, she learned that Englade had four DWI convictions, including one from 2012, and a 'flag' on her license for failure to maintain liability insurance on the vehicle involved in the stop. However, the dispatcher, who was a longtime friend and former roommate of Englade, did not reveal *826 Englade's criminal history to the road deputies. Further, the dispatcher did not report that Englade, the owner of the vehicle, had a 'flag' on her license for failure to maintain liability insurance.
The road deputies stated that they did not perform field sobriety tests on Englade or the two male occupants. Yet, rather than allowing Englade to depart the scene in the vehicle she owned, all of the deputies reported that they told Englade and the two men to "walk to Walgreens" to wait on a ride. There is a dispute regarding whether any deputy searched for the keys to the vehicle before leaving Englade, the owner of the vehicle, in the parking lot with her vehicle.
Within a few hours of that stop, at approximately 1:45 a.m. on May 26, 2013, Jennifer Englade, who was intoxicated,[2] lost control of her vehicle, and struck an oncoming vehicle head-on, killing one of her passengers, Joshua Jones, as well as the driver of the oncoming vehicle, Romisha Meiji; a passenger in her vehicle, Esther Centeno; and Ms. Centeno's unborn child. The remaining passenger in the oncoming vehicle, Deibi Mejia-Medina, was severely injured, but survived. As a result of this accident, five wrongful death and personal injury lawsuits were filed and later consolidated, including: an action filed by Hope Jones McGillion, on behalf of her and Joshua Jones' minor children, Kelsey Jones, Madyson Jones, and Dallin Jones; an action filed by Irvin Nunez, on behalf of his and Romisha Meiji's minor child, Jadelyn Nunez; and, an action filed by Gary A. Mejia, on behalf of his brother, Deibi A. Mejia-Medina.[3]
In their lawsuits, plaintiffs named as defendant, inter alia , the Sheriff of St. John the Baptist Parish, Mike Tregre. Specifically, plaintiffs allege that Sheriff Tregre is liable for a failure to supervise and train his officers, which resulted in the officers' failure to follow proper procedures during a motor vehicle traffic stop, including, but not limited to: failing to check intoxication levels of the driver and passengers; failing to investigate and/or report the arrest and/or conviction records of the driver and passengers; failing to determine if the vehicle in question was properly insured; and, failing to secure the motor vehicle in question. The plaintiffs contend that Tregre's failures allowed co-defendant, Jennifer Englade, to maintain access to her vehicle, which she used within hours to kill three adults and an unborn child and to grievously injure another adult.
*827 On July 3, 2018, Sheriff Tregre filed a motion for summary judgment, alleging that "discretionary immunity applies to insulate the Sheriff from liability and, in the alternative, the actions of Sheriff's deputies cannot be considered to be a legal cause of the claimed damages." Further, the Sheriff alleges that punitive damages are not available against him. To his motion, Sheriff Tregre attached deposition excerpts from the following individuals: co-defendant, Jennifer Englade; Deputy Christina Blank, a dispatcher for the St. John the Baptist Parish Sheriff's Office (SJBPSO); Detective Sergeant Brian Schum of the SJBPSO; Lieutenant Michelle Piearson of the SJBPSO; Deputy Arthur Ponder of the SJBPSO; and, Mario Jackson, a security guard working at a daiquiri shop in St. John the Baptist Parish on the night of the fatal accident.
Plaintiffs opposed the motion, alleging that there are genuine issues of material fact regarding multiple issues, including, but not limited to: the identity of the driver of the vehicle at the time of the traffic stop; the 911 dispatcher's purposeful omission of information regarding the vehicle owner's multiple DWI convictions and the 'flag' on her driver's license for lack of insurance on the vehicle; the failure of the Sheriff's deputies to perform field sobriety tests during their investigation of reportedly intoxicated persons driving a vehicle; and, the failure to secure either the vehicle or the vehicle's owner. To their oppositions, plaintiffs attached deposition excerpts from the following individuals: co-defendant, Jennifer Englade; Mario Jackson, a security guard working at a daiquiri shop in St. John the Baptist Parish on the night of the fatal accident; Deputy Faron Duhe, a dispatcher for SJBPSO; Deputy Christina Blank, a dispatcher for SJBPSO; Detective Sergeant Brian Schum of the SJBPSO; Lieutenant Jose Rel of the SJBPSO; Lieutenant Michelle Piearson of the SJBPSO; Deputy Arthur Ponder of the SJBPSO; and, an affidavit from Commander Kenny Sanders (Ret.) of the Caddo Parish Sheriff's Office as an expert in general police procedures and law enforcement training.[4]
After considering the Sheriff's motion and the exhibits, and the plaintiffs' oppositions, the trial court determined that all of the deputies' actions at the time of the stop of the vehicle three hours prior to the fatal crash fell within the ambit of the deputies' discretion. Accordingly, the trial court rendered summary judgment in favor of Sheriff Tregre, finding the Sheriff was immune from all liability under La. R.S. 9:2798.1, and dismissed the plaintiffs' tort claims and any claims for punitive damages alleged against him. Plaintiffs appeal that judgment.
Law and Argument
Appellate courts review the granting of summary judgment de novo using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Larson v. XYZ Insurance Company , 16-0745 (La. 5/3/17), 226 So.3d 412, 416 ; Gutierrez v. State Farm Fire & Cas. Ins. Co. , 13-341 (La. App. 5 Cir. 10/30/13), 128 So.3d 509, 511. The version of La. C.C.P. art. 966[5] in effect at the time of the summary judgment hearing in this case provides, "a motion *828 for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).[6]
In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead, to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett , 04-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. Id. at 765-66. Conclusory allegations and unsupported speculation will not support the finding of a genuine issue of material fact. Trench v. Winn-Dixie Montgomery LLC , 14-152 (La. App. 5 Cir. 9/24/14), 150 So.3d 472, 476.
Although it may appear unlikely from the record that one party can prevail, summary judgment cannot be granted once the court detects the existence of a material fact. Dearie v. Ford Motor Co. , 583 So.2d 28, 29 (La. App. 5th Cir. 1991), writ denied , 588 So.2d 1117 (La. 1991). If the evidence presented is subject to conflicting interpretations, or reasonable minds might differ as to its significance, summary judgment is not proper; only when reasonable minds must inevitably concur is summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Id. at 30. The mere belief that the litigant is unlikely to prevail upon the merits is not sufficient to warrant summary judgment, thus depriving the litigant of a trial. Boye v. Daiquiris & Creams No. 3, Inc. , 11-118 (La. App. 5 Cir. 11/15/11), 80 So.3d 505, 507, writ denied , 11-2778 (La. 2/17/12), 82 So.3d 290. The weighing of conflicting evidence and making evaluations of credibility have no place in the summary judgment procedure. Dearie , 583 So.2d at 30.
We turn first to the question of punitive damages. Our review reveals that the plaintiffs did not appeal the grant of summary judgment on this issue. Even if they had appealed, we note that La. C.C. art. 2315.4 allows the imposition of punitive damages against the intoxicated driver but, with few exceptions, not against others that might have contributed to the accident. Berg v. Zummo , 00-1699 (La. 4/25/01), 786 So.2d 708, 718. Thus, we affirm the grant of summary judgment in favor of Sheriff Tregre on the issue of punitive damages.
Next, we turn to whether discretionary immunity applies to insulate the Sheriff from liability. In 1985, the Louisiana Legislature adopted La. R.S. 9:2798.1,[7] *829 which exempts public entities from liability for their employees' discretionary or policy-making acts. Hardy v. Bowie , 98-2821 (La. 9/8/99), 744 So.2d 606, 613 ; Sunlake Apartment Residents v. Tonti Development Corp. , 522 So.2d 1298, 1304 (La. App. 5th Cir. 1988). "Under [the discretionary function] doctrine, governmental decision makers exercising discretionary functions are immune from suit, because the courts should not chill legislative discretion in policy formation by imposing tort liability for discretionary decision." Hardy, supra .
Generally, discretionary immunity under La. R.S. 9:2798.1 applies to specific fact situations which satisfy the rule enunciated in Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Under Berkovitz, the court must first consider whether the government employee had an element of choice and whether his course of action was not specifically prescribed by the statute, regulation, or policy. Conduct cannot be discretionary unless it involves an element of judgment or choice. Id. at 1958. Thus, discretionary immunity will not apply when a specific course of action is prescribed as the employee has no rightful option but to adhere to the directive. Id.
On the other hand, when discretion is involved, the court must then determine whether that discretion is the kind shielded by the exception: one grounded in social, economic, or political activity. Fowler v. Roberts, 556 So.2d 1 (La. 1989) ; Kniepp v. City of Shreveport, 609 So.2d 1163 (La. App. 2 Cir. 1992), writ denied, 613 So.2d 976 (La. 1993) ; Rick v. State Dep't of Transp., 93-1776, 93-1784 (La. 1/14/94), 630 So.2d 1271. If it is, then the doctrine applies and the employee or agency is insulated from liability; if it is not, the employee or agency is liable for any negligence. Simeon v. Doe, 618 So.2d 848 (La. 1993).
Applying this test to the facts of the instant case, we find that the evidence attached in support of and in opposition to summary judgment revealed that the dispatcher, Christina Blank, in contravention of her assigned job duties, withheld information from her fellow deputies by omitting the fact that the owner of the stopped vehicle had four DWI convictions and had a flag on her driver's license for failing to insure the vehicle in question. Blank had no discretion but to adhere to the directives of her job as a dispatcher set in place by her employer, Sheriff Tregre, which she violated. Thus, the Sheriff cannot be exempt from liability for the failure of his employee, who abandoned her job duties and violated the Sheriff's policy. Cormier v. T.H.E. Ins. Co. , 98-2208 (La. 9/8/99), 745 So.2d 1, 6-9.
In her deposition, Deputy Blank admits that, when asked, she did not report to her fellow officers the fact that Jennifer Englade had four DWI convictions or that her license was 'flagged' for failure to *830 maintain insurance on the vehicle stopped at the scene. Deputy Blank also admits that Jennifer Englade was her friend and Englade had lived with her at least five times in the past twenty-five years. Deputy Blank reported that she signed a statement to her supervisor admitting her "horrible mistake." We note that, even if her conduct could be called discretionary, Deputy Blank's omissions may "constitute ... fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" sufficient to trigger the exception to discretionary immunity found in La. R.S. 9:2798.1(C)(2). For that reason, summary judgment on the basis of discretionary immunity is improper.
Finally, we turn to the plaintiffs' negligence claims against Sheriff Tregre and his deputies. Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under general negligence principles. Lemann v. Essen Lane Daiquiris, Inc. , 05-1095 (La. 3/10/06), 923 So.2d 627, 632-633. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the harm or the plaintiff's injuries (the cause-in-fact element); (4) the risk of harm was within the scope of protection afforded by the duty breached (the legal cause element); and (5) actual damages (damages element). Lazard v. Foti , 02-2888 (La. 10/21/03), 859 So.2d 656, 659.
Therefore, to carry the burden on his motion for summary judgment, Sheriff Tregre was required to show an absence of factual support for any essential elements of the negligence cause of action. Sheriff Tregre specifically sought summary judgment on the basis that there was an absence of factual support for the plaintiffs' contention that the risk of harm was within the scope of protection afforded by the duty owed, i.e. the Sheriffs' deputies' actions could not be a legal cause of the harm that occurred.
Based upon our de novo review of the limited record before us, we find that a genuine issue of material fact exists regarding at least two issues. First, we note that there is conflicting evidence regarding whether the deputies' decision to leave the owner of the vehicle with the unsecured vehicle could be a legal cause of the harm that occurred. Clearly, as their deposition excerpts revealed, the deputies told all three remaining occupants of the vehicle - which includes Jennifer Englade - to walk away from the vehicle, which supports the theory that the deputies perceived that the owner of the vehicle, Jennifer Englade, was intoxicated at that time. If, as the Sheriff's current argument suggests, no deputy perceived Englade to be intoxicated, then there was no necessity to instruct her to walk away from her vehicle that night; yet, every deputy stated that they told all three remaining occupants to walk away from the vehicle that night. This constitutes conflicting evidence. The weighing of conflicting evidence and making evaluations of credibility have no place in the summary judgment procedure. Dearie , 583 So.2d at 30.
Second, we find that a dispute sufficient to trigger a genuine issue of material fact exists regarding the identity of the driver prior to the traffic stop by SJBPSO deputies. After reviewing the deposition excerpts attached to the defendant's motion for summary judgment and the plaintiffs' oppositions, we find that, in his deposition as well as two separate statements given to police a short time *831 after this incident, Mario Jackson states that the "tall, blonde" woman was driving the Pontiac G6 when the four patrons left the bar. The deputies noted that Jennifer Englade was tall and blonde while Rechelle Hotard, the other woman in the vehicle that night, was short and brunette.
In sum, our review of the limited record before us reveals disparities that suggest that reasonable minds could, under the particular facts of this case, foresee that an automobile accident might happen as the result of the allegedly negligent conduct of the deputies on the night in question, and, therefore, this matter was not ripe for summary judgment. Finally, as this litigation will likely continue for some time, we caution the parties that we are in no way suggesting that these are the only genuine issues of material fact present in this case.
Conclusion
Based on the foregoing, we affirm summary judgment in favor of Sheriff Tregre on the issue of punitive damages but, in all other respects, summary judgment is reversed. This matter is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

The two male occupants did not have a criminal history.

On September 2, 2014, Jennifer Englade pled guilty to three counts of vehicular homicide, one count of third degree feticide, and one count of first degree vehicular negligent injuring. On September 25, 2014, the trial judge sentenced Englade for each count of vehicular homicide, to thirty years at hard labor and a fine of $ 15,000.00; for third degree feticide, to five years at hard labor and a fine of $ 2,000.00; and for negligent injuring, to five years at hard labor and a fine of $ 2,000.00. The sentences were ordered to run concurrently with credit for time served. Although Englade did not appeal her sentences, she sought post-conviction relief, which was denied. See State ex rel. Englade v. State , 15-1826 (La. 11/15/16), 206 So.3d 189.

As noted, there are two more lawsuits arising out of this accident. In both, the plaintiffs seek damages for the death of Esther Centeno: the first was filed by Natividad Cabrera on behalf of her granddaughter and Centeno's daughter, Laylanie Polanco, and, the second was filed by Carlos Polanco, individually and on behalf of his minor daughter with Centeno, Laylanie Polanco. Although their matters were consolidated with the three cases at issue in this appeal, neither Cabrera nor Polanco have appealed the summary judgment granted in favor of Sheriff Tregre. For previous litigation arising out of Centeno's claims, see Polanco v. Englade, et al, 15-334 (La. App. 5 Cir. 12/9/15), 182 So.3d 340, 341.

To their oppositions, plaintiffs also attached a statement from Keith Carroll of the SJBPSO dated June 3, 2013 and a copy of the "Inmate Possession Form." In his reply, the Sheriff objected to both documents, which were not properly authenticated by affidavit or deposition, and the trial court did not consider these exhibits. See La. C.C.P. art. 967.

Pursuant to Acts 2015, No. 422, § 1, effective January 1, 2016, La. C.C.P. art. 966 was extensively revised.

"The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966(A)(4). Further, "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." La. C.C.P. art. 966(D)(2).Comment (k) of La. C.C.P. art. 966 explains that "[s]ubparagraph (D)(2) makes clear that the court can consider only those documents filed in support of or in opposition to the motion."

La. R.S. 9:2798.1 reads, in pertinent part:
A. As used in this Section, "public entity" means ... political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the ... discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.